This is a declaratory judgment action brought under the provisions of § 6-6-221, Code 1975. The issue before the trial court was the existence and extent of an easement. That court declared the legal rights of the parties regarding the easement and granted injunctive relief requested by the plaintiffs, Mr. and Mrs. Allen.
The trial court, in its final order, set forth the salient facts:
 "The Plaintiffs purchased certain real property located in Mobile County, Alabama on or about December 30, 1967, specifically, Lot 2, Camack's Fowl River Acres, as recorded in Map Book 14, Page 11 of the records in the Office of the Judge of Probate of Mobile County, Alabama. The deed conveying this property was recorded in Real Property Book 801, Page 764 of the records of the Judge of Probate of Mobile County, Alabama, and the grantors in said deed specifically conveyed to the Plaintiffs the right and privilege to erect a small wharf in the vicinity of the Southward end of the canal *Page 1263 
turning basin which is located Northward from the intersection of David Drive and George Circle.
 "Plaintiffs thereafter purchased an adjacent parcel of real property on April 17, 1974, said property described as Lot 3 of Camack's Fowl River Acres, according to plat thereof recorded in Map Book 14, page 11 of the records in the Office of the Probate Court of Mobile County, Alabama. The deed conveying this lot was recorded in Real Property Book 1345, Page 200 of the records in the Office of the Judge of Probate of Mobile County, Alabama and the Grantors in said deed specifically granted to the Plaintiffs the right of joint use with other lot owners of Camack's Fowl River Acres of the canal shown on said plat.
 "The testimony revealed in open Court that the Defendants have erected a fence approximately 10 feet in height along their property line, which fence was located between the Plaintiff's homeplace and the canal turning basin referred to in the deeds referred to above. The testimony further revealed that the Plaintiffs had been using the canal basin for approximately fifteen years prior to the time that the fence was erected. . . ."
Based on these, and other facts, the trial court found the Allens have an express easement to use property owned by Mr. and Mrs. Cobb to gain access to and from a canal turning basin, and to travel across the property by car in order to launch a boat. Pursuant to the Allens' prayer for injunctive relief, that court ordered that the Cobbs not interfere with the Allens' use of the easement. The trial court further ordered the Cobbs to provide a passageway through their fence large enough for a car and/or boat.
On appeal, Mr. and Mrs. Cobb contend the trial court did not logically or reasonably construe the Allens' easement, and that it improperly refused to apply the doctrine of "unclean hands" to prohibit the granting of equitable relief to the plaintiffs.
The Cobbs correctly argue that inequitable conduct may, under certain circumstances, prevent the exercise of the discretionary power of a trial court to grant a declaratory judgment. That doctrine may be applied, for instance, when the character of the underlying action is equitable. Because the Allens' complaint prayed for injunctive relief, this doctrine could conceivably come into play in the instant case. SeeBuromin Co. v. National Aluminate Corp., 70 F. Supp. 214 (D.Del. 1947); and Reid v. City of Birmingham, 275 Ala. 629,150 So.2d 735 (1963).
It appears clear, however, from the trial court's order, it was not convinced the Allens were guilty of improper conduct regarding the subject matter of the suit. The record is replete with the allegations of both appellants and appellees of inappropriate behavior. The alleged facts are greatly controverted.
This case was presented ore tenus. The trial court had an opportunity to observe the demeanor, and to determine the credibility of the witnesses. We do not find its determination regarding this factual issue plainly erroneous and, therefore, cannot disturb its conclusion.
Second, Mr. and Mrs. Cobb contend the trial court erred in its construction of the easement. As noted by that court in its finding of facts, there are two relevant conveyances to the Allens. First, when they purchased Lot 2, in an area known as Camack's Fowl River Acres, the deed specifically conveyed to them the right and privilege to erect a small wharf in the vicinity of the south end of the canal turning basin. Later, the Allens bought an adjacent lot (Lot 3). The deed of conveyance for that parcel specifically granted a right of joint use with other lot owners in Camack's Fowl River Acres of the canal in question.
Testimony revealed the Allens used the canal turning basin referred to above for approximately fifteen years prior to the time the Cobbs erected a 10-foot fence which obstructed passage to the canal. *Page 1264 
The determination of the extent and reasonableness of use of an easement created by express grant involves a number of basic principles: If the language of the grant is clear and free from doubt, such language is not the subject of interpretation. If subject to interpretation, the extent of the easement depends on the intention of the parties as gathered from the terms of the deed and the situation of the land. If there is further doubt as to the intent, it may be determined from the practical construction of the grantor and the grantee and their successors in title. A grant of easement will be construed in favor of the grantee. See Moss v. Vance, 288 Ala. 224,259 So.2d 252 (1972); Ellard v. Goodall, 203 Ala. 476, 83 So. 568
(1919); 3 A.L.R.3d 1256, "Easements — Private Way — Reasonable Use."
After carefully reviewing the record, we cannot conclude the trial court improperly applied the above guidelines in defining the Allens' easement. Appellants have certainly not overcome the strong presumption in favor of the correctness of the trial court's decision which we are required to indulge in a case presented ore tenus. Therefore, the judgment of the trial court is due to be, and is hereby, affirmed.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and ADAMS, JJ., concur.