STEAGALL, Justice.
William F. Byerley, Charles G. Byerley, and Thomas R. Byerley filed a complaint in the circuit court of Mobile County against William D. Griffin, Jr., and William D. Griffin, Sr., seeking damages and injunctive relief. The Byerleys alleged that the condition of their property had been altered by the construction of a culvert by the Griffins on property owned by the Byerleys. The Griffins filed an answer to the complaint, and William D. Griffin, Jr. (hereinafter “Griffin”), filed a counterclaim for declaratory judgment, claiming that the Byerleys had denied Griffin the use of an easement for ingress to and egress from his property.[1] The counterclaim sought a declaration that Griffin had a right to reasonably improve the easement property to provide himself a reasonable right of ingress to and egress from his property.
The trial court, after hearing ore tenus evidence, entered a final judgment that set forth the court’s findings of fact and the following conclusions of law:
“The court finds that the improvements made to the easement over which the Defendant has a right to ingress and egress were necessary and reasonable so that the Defendant, William D. Griffin, Jr., can enjoy and utilize his right of ingress and egress over the lands of the Plaintiffs.
“The court finds further that [Griffin], his grantees, and successors in title have a right to construct necessary improvements to the easement property so a reasonable right of ingress and egress can be available.
“The court further finds that the Defendant, William D. Griffin, Jr., and his successors in title have a right to utilize *92 the entire 60 foot roadway for the use of any and all public or private vehicles, including but not necessarily restricted to school buses, delivery trucks, mail delivery vehicles, service equipment and vehicles of every kind and nature as long as said vehicles do not cause damage to said roadway, reasonable wear and tear excepted.”
It is from this judgment that the Byerleys appeal. We affirm.
In its findings of fact, the trial court stated that Griffin owned certain real property situated in Mobile County, the description of which included the following language:
“TOGETHER WITH an easement for ingress and egress as shown on survey by McCrory and Williams dated January 31, 1979, and which said survey is attached to deed recorded in Real Property Book 1996, page 464.”
The trial court also found that the Byerleys owned a 60-foot roadway “subject to an easement or easements for ingress and egress, said easement of the Defendant, William D. Griffin, Jr., being one and the same as described herein above.” The trial court determined that approximately 12 residential lots were situated on the 60-foot roadway. The following additional findings of fact were set out by the trial court:
“The abutting lots are lots for residential purposes and the easement for ingress and egress over said 60 foot roadway is the only method of ingress in and to the abutting lots. The predeces-' sor in title to the Plaintiffs subdivided said lots and provided the easement for ingress and egress in conjunction with the sale of said lots. The Defendant, William D. Griffin, Jr., has constructed on his property described hereinabove a paved drive, said drive extending on into a portion of the unpaved 60 foot roadway. In conjunction with the construction of this drive the Defendant, William D. Griffin, Jr., has constructed a concrete pipe beneath the drive situated in the easement to carry rainwater beneath this drive, passing downhill where it runs off of the subdivision property.'
“The court finds further that the Defendant’s property is situated at the lowest point of the 60 foot roadway and water running downhill from both an Easterly and a Westerly direction on the North side of this roadway passes into the roadway immediately in front of the Defendant’s property where it has caused erosion of the property of the Defendant, William D. Griffin, Jr., and the 60 foot roadway which is subject to easement for ingress and egress.
“The court takes note of the fact that from the evidence presented the work done by the Defendant, William D. Griffin, Jr., within the easement is of good quality and workmanship.
“The court takes note of the fact that the Plaintiffs have through their actions attempted to restrict the use of said roadway by the U.S. Postal Service and others to the detriment of the Defendant, William D. Griffin, Jr., and his invitees.”
The Byerleys contend that the trial court improperly construed the easement by allowing Griffin to use the easement for purposes not encompassed in the grant. They cite Moss v. Vance, 288 Ala. 224, 259 So.2d 252 (1972), for the proposition that where the language of the grant of an easement is clear and free from ambiguity, the court cannot consider extrinsic evidence with regard to the meaning of the written agreement. The grant in Moss involved the right “to pass and repass” along a driveway, which the court found to imply movement and not to include the entry to and exit from automobiles parked in the driveway. Unlike the grant considered in the Moss case, the grant to Griffin is “for ingress and egress.”
In Cobb v. Allen, 460 So.2d 1261, 1264 (Ala.1984), this Court stated the following guidelines for defining an easement:
“The determination of the extent and reasonableness of use of an easement created by express grant involves a number of basic principles: If the language of the grant is clear and free from doubt, such language is not the subject of inter *93 pretation. If subject to interpretation, the extent of the easement depends on the intention of the parties as gathered from the terms of the deed and the situation of the land. If there is further doubt as to the intent, it may be determined from the practical construction of the grantor and the grantee and their successors in title. A grant of easement will be construed in favor of the grantee.”
The grant to Griffin of an easement “for ingress and egress” is not so clear that an interpretation of what may be considered a reasonable use of the grant would be precluded.
Where a trial court hears ore ten-us evidence, its findings are presumed to be correct and will not be disturbed on appeal unless those findings are plainly and palpably wrong. Rhoden v. Miller, 495 So.2d 54 (Ala.1986). In view of this standard, we have carefully reviewed the record and we find that the evidence supports the judgment of the trial court. Accordingly, that judgment is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and ADAMS, JJ., concur.

. We note that the complaint also named William D. Griffin, Sr., as a defendant and that the notice of appeal included William D. Griffin, Sr., as an appellee. We have read the trial court’s judgment to be a finding in favor of William D. Griffin, Sr. Because no argument concerning William D. Griffin, Sr., is presented on appeal, we deem any issue regarding him to be waived.