The appellants, Luther T. Tatum and his wife Shelba Tatum and Don Swain and his *Page 88 
wife Ray Deena Swain, brought a declaratory judgment action against Margaret Green, seeking to have the trial court declare that Green had no easement across their property. The case was tried without a jury and the trial court entered judgment denying relief to the Tatums and the Swains. From this judgment the Tatums and Swains appeal.
In December 1963, Green's father purchased from the U.S. Government a parcel of property situated in St. Clair County. As part of the transaction, Mr. Green also purchased a "perpetual road right-of-way easement" over the adjoining land. In 1967 and 1968 a portion of Mr. Green's property was flooded by the creation of Neeley Lake. Part of the property that was flooded was that portion of Mr. Green's land to which the easement connected. This portion of the land is still covered with water and the easement no longer touches the property above the water line.
On May 1, 1981, the appellants purchased the property over which the easement purchased by Mr. Green runs. On November 11, 1981, Margaret Green became the owner of her father's property by inheritance.
The appellants brought this action for declaratory judgment to have the right-of-way extinguished and to receive monetary damages from Green for trespass and nuisance. The trial court entered judgment in favor of Green; appellants contend that the trial court erred in finding that Green has a right-of-way over their property.
The general rule is that an easement given for a specific purpose terminates as soon as the purpose ceases to exist, is abandoned, or is rendered impossible of accomplishment.Sasser v. Spartan Food Systems, Inc., 452 So.2d 475
(Ala. 1984). Thus, if the easement was granted to Green's father solely for the purpose of access by land to his property, the easement would be extinguished, since the easement no longer reaches the property. Sasser,supra.
The Court must look to the written instrument to determine the scope of the grant. City of Montgomery v. Maull,344 So.2d 492 (Ala. 1977).
The deed from the U.S. Government to Green's father did not specify the purpose for which the easement was given but simply granted "a perpetual road right-of-way easement."
If the language is ambiguous or uncertain in any respect, the surrounding circumstances, including the construction placed on the language by the parties, are taken into consideration so as to carry out the intention of the parties. Maull, supra. Furthermore, if subject to interpretation, the extent of the easement depends on the intention of the parties as gathered from the terms of the deed and the situation of the land. Cobb v. Allen,460 So.2d 1261 (Ala. 1984).
Evidence presented at trial shows that at the time of the grant of the easement engineers from Alabama Power Company had already conducted surveys to determine which lands would be flooded by the construction of Neeley Lake. This evidence tends to show that the parties to the deed were aware of the fact that the easement would cease to be connected to Mr. Green's property due to the construction of the lake. The trial court could have reasonably determined under these circumstances that the easement was also granted to provide Mr. Green access to the lake after its construction. Since access to the lake is a purpose that is still in existence, the easement is also still in existence.
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, BEATTY and HOUSTON, JJ., concur. *Page 89 
 APPENDIX
[EDITORS' NOTE: THE FIGURE IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 90