The plaintiffs, Charles W. and Elizabeth G. Lawrence, appeal from a summary judgment entered in favor of the defendants, Alvin E. and Geraldine Pate, in a declaratory action to establish the continuing existence of a 14-year-old easement that permitted the plaintiffs to cross the defendants' property in Elmore County. The Pates denied that the Lawrences had the right to a continued easement on the Pates' property.
On June 11, 1975, S.B. and Mary M. Holman deeded 223 acres of land to their children, Ben Holman, Arthur Holman, Margie Holman Addison, Brenda Holman Wilkes, and Sue Holman Cooper. On September 14, 1977, the property was divided by the children into three separate parcels; Ben Holman received 50 acres, which is designated by the Elmore County tax assessor as parcel 05.01; Wilkes received a 50-acre parcel referred to as parcel 05.02; and Cooper, Addison, and Arthur Holman retained the remaining 123 acres, designated as parcel 05. (See appendix to this opinion.) In the conveyance to Ben Holman in 1977, the remaining Holman brothers and sisters, as grantors, reserved for themselves, their heirs, and assigns, the right to cross parcel 05.01 in order to gain access to that portion of the original 223-acre *Page 74 
tract that the four children still owned.
The reservation in the warranty deed to Ben Holman stated:
 "The Grantors hereby expressly reserve to themselves, their heirs, executors, administrators, personal representatives, and assigns, the right at their own risk to cross the strip or parcel of land hereby conveyed by the lands and roads now established on the above-described property and at such other points as may be agreed upon by the parties to this deed, their heirs, successors, or assigns, for the purpose of having access to such part or portion of the land and premises of the Grantors as may, by conveyance of the herein described tract or parcel of land, be cut off from the rest of the land and the premises of the Grantor, their heirs, or assigns."
On October 11, 1979, after a series of conveyances, the Pates purchased parcel 05.01, which had been previously owned by Ben Holman. In 1983, the Lawrences purchased parcel 05.02, which had previously been owned by Brenda Holman Wilkes, and they also purchased an 80-acre tract designated as parcel 07.
On June 16, 1988, the Lawrences bought parcel 05, which had previously been owned by Cooper, Addison, and Arthur Holman. Finally, in 1990, the Lawrences bought parcel 04. With this purchase, the Lawrences owned all of the original tract except the 50-acre parcel that Ben Holman had deeded to the Pates in 1979. After this purchase, the Lawrences continued to use the road across the Pates' property in traveling to and from parcel 05. On August 21, 1990, the Pates told the Lawrences that they could no longer use the road across their property. The Lawrences brought this action in the Circuit Court of Elmore County to establish their right to cross the Pates' property pursuant to the reservation in the 1977 deed from the Holman children to Ben Holman. The Lawrences contend that they have a right to use the easement across the Pates' property because of the reservation in the 1977 warranty deed. The Pates contend that the easement was given for a specific purpose, which, they say, ended when parcels 05 and 07 were conveyed to the Lawrences.
The trial court, in entering a summary judgment for the Pates, stated:
 "The easement reserves the right to cross the 50-acre tract (05.01) to get to the 123-acre tract (05) that was cut off from the grantors' other 50-acre tract (05.02). When the Lawrences purchased their additional 80-acre tract (07) they were no longer cut off from the 123-acre tract (05).
 "The general rule is that an easement which was given for a specific purpose terminates as soon as such purpose ceases to exist. Sasser v. Spartan Foods Systems, Inc., 452 So.2d 475 (Ala. 1984). The specific purpose for the Lawrences' easement across the Pates' land terminated when the Lawrences purchased additional land that gave them access to the 123-acre parcel."
This order indicates that the only way the Lawrences can get to and from portions of the 123-acre tract is to travel through parcel 07, which was not part of the original Holman land. After traveling eastward in parcel 07, the Lawrences must enter other lands owned by the Lawrences until reaching a public road known as "Redbud Road"; they would then travel on Redbud Road three-fourth of a mile before arriving at the eastern boundary of parcel 05.02.
We disagree with the trial court's finding that the specific purpose stated in the deed ended when the Lawrences purchased parcels 05 and 07. Because of the original language in the deed, the purpose of the reservation will terminate only when there is a total unity of ownership of the original 223-acre tract. The purpose of the easement is to have "access to such part or portion of the land" that may "be cut off from the rest of the land and the premises of the Grantor, their heirs, or assigns." Only when there is no more land "cut off" from a part or portion of the original 223 acres would the specific purpose of the easement cease to exist. *Page 75 
In reaching a determination as to the extent of the use of an easement created by an express grant, several principles should be followed:
 "If the language of the grant is clear and free from doubt, such language is not the subject of interpretation. If subject to interpretation, the extent of the easement depends on the intention of the parties as gathered from the terms of the deed and the situation of the land. If there is further doubt as to the intent, it may be determined from the practical construction of the grantor and the grantee and their successors in title. A grant of easement will be construed in favor of the grantee."
Cobb v. Allen, 460 So.2d 1261, 1264 (Ala. 1984).
The 123-acre parcel remains cut off from parcel 05.02, just as it was in 1977. If language is uncertain, "the surrounding circumstances, including the construction placed on the language by the parties, [are considered] so as to carry out the intention of the parties." Tatum v. Green, 535 So.2d 87, 88
(Ala. 1988).
The Lawrences can not get to parcel 05.02 from parcel 05 without crossing either the parcel owned by the Pates or a parcel (designated 06 on the plat of record) owned by persons not parties to this litigation. No doubt it was for this reason that the original grantors of parcel 05.01 reserved the right to cross that parcel to reach parcel 05.02. The Lawrences, as assigns of those original grantors, acquired the right to this easement, and the easement has not been extinguished by the acquisition of other parcels. We hold that the trial court erred in entering the summary judgment for the Pates. The Lawrences have a clear right under the reservation to an easement over the lands owned by the Pates. Therefore, they are entitled to a judgment establishing that right.
Because the trial court held that the Pates were entitled to a judgment as a matter of law, it did not reach other claims of the parties, such as the Pates' claim that the Lawrences had abused the roadways on the Pates' property. Likewise, it did not reach the Lawrences' claim for damages arising out of the Pates' refusal to permit the Lawrences to exercise their rights under the reservation. Therefore, we do not address these claims, but remand the case to the trial court for it to consider these matters in light of our holding that the Lawrences are entitled, as a matter of law, to a judgment permitting them to use the easement over the Pates' property.
REVERSED AND REMANDED.
MADDOX, ALMON and KENNEDY, JJ., concur.
HOUSTON, J., concurs specially and files an opinion. *Page 76 
[EDITORS' NOTE: The appendix IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 77