Joe Paul Abbott and Howell Keith Henderson brought this declaratory judgment action against Millie Ann Lawley, alleging that they had been granted an easement over certain lands Lawley owned and asking the court to declare that the easement is valid. Lawley counterclaimed for an injunction barring Abbott and Henderson from coming onto her property. The trial court entered a judgment in favor of Abbott and Henderson, and Lawley appeals.
Abbott and Henderson own three adjoining parcels of land that abut Lawley's property. All three parties derive title to their lands from a common source, Carl and Helen Smith. In 1968, the Smiths owned all of the land. In that year, they deeded a portion of it ("Parcel One") to Dee and Randy Hyde. That deed stated: "Grantee shall have the joint right to use grantor's driveway for the purpose of ingress and egress to said property." At that time, the Smiths' driveway was the only means of access to this property.
In 1970, the Smiths executed a deed of correction, stating that the property was subject to a flood easement in favor of Alabama Power Company. In 1972, the Smiths sold another piece of the property to the Hydes. This second parcel adjoined Parcel One and was accessed by a road on the north side and by another road on the east side; these roads provided access to Parcel One, which had previously been accessible only through *Page 708 
the easement across the Smiths' driveway. The deed for the second conveyance contained no language regarding the use of the Smiths' driveway.
In 1989, heirs of the Hydes divided the property conveyed by the second deed into two parcels (Parcel Two and Parcel Three), and a new legal description was prepared. The Hyde heirs and adjoining landowners then signed a boundary line agreement, which provided, in pertinent part:
 "NOW THEREFORE, in Consideration of the Mutual Covenant herein expressed, the parties hereto agree that the lines above described between the parties of the first part and the parties of the second part constitute a true and correct description of the actual boundary line as now exists and has been in existence for a number of years, continuing to acknowledge that the lines hereinabove described do not alter or change in any way the existing lines, but simply give it a more accurate legal description and that each party acknowledges that they claim no right, title or interest in and to the lands of the other parties to this agreement."
In 1989, the Hyde heirs conveyed Parcel Two and Parcel Three to Abbott's predecessors, who conveyed the property to Abbott in 1992 by a quitclaim deed that conveyed the following interest:
 "[A]ll our right, title, interest in and to the Joint Right to use Driveway for purpose of ingress and egress to said property as set out in deed from Carl F. Smith and wife, Helen J. Smith, to Dee Hyde and Randy Hyde, as recorded in Volume 5, Page 484, in the Office of Judge of Probate of St. Clair County, Pell City, Alabama."
Abbott subsequently began construction on Parcel Two, near the point where Parcel One and Parcel Two meet, using Lawley's driveway to access the construction operation. Lawley then began blocking Abbott's access by putting barriers across her driveway and Abbott and Henderson thereafter sued to determine Abbott's right to access Parcel Two by way of her driveway.
Lawley argues that the easement was originally granted for a particular purpose, i.e., ingress to and egress from the landlocked Parcel One and that that purpose ceased to exist when the Hydes bought the second parcel, because the second parcel was abutted by two public roads. She points out that, generally, an easement given for a specific purpose terminates as soon as that purpose ceases to exist, is abandoned, or is rendered impossible to accomplish. Lawrence v. Pate,594 So.2d 73 (Ala. 1992).
When the easement is one of express grant, however, this Court must determine the scope of the easement according to the written language of the deed. Tatum v. Green, 535 So.2d 87
(Ala. 1988). If this language is unambiguous, the Court may not consider parol evidence to determine to what extent the grantor intended to grant the easement. Tatum.
In this case, the 1968 deed from the Smiths unambiguously granted the Hydes an easement over the property now owned by Lawley, without condition or reference to a specific purpose; accordingly, the Hydes held, and could transfer, a property right that cannot be diminished merely because there now exists an alternative means of ingress and egress. Magna, Inc. v.Catranis, 512 So.2d 912 (Ala. 1987). The trial court's judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and INGRAM, JJ., concur.