Barbara McClendon appeals a summary judgment entered in favor of Gustava L. Hollis. This case is before this court pursuant to Ala. Code 1975, § 12-2-7 (6).
Out review of the record reveals the following: Hollis and McClendon are adjoining property owners, who share a common east and west boundary. The property owned by Hollis was formerly owned by the Lamars and was, at that time, landlocked. Hence, in 1992 McClendon deeded a portion of her land to the Lamars for purposes of ingress and egress.
In 1994 the Lamars conveyed their property, including the eastment, to Hollis. Hollis, thereafter, acquired from the Halls, her neighbors on the north, two additional strips of property, which are contiguous, and parallel, to the easement. Hollis purchased the additional property in order to expand the ingress and egress to her property. At some point, McClendon erected metal fence posts along the boundary of the easement, thereby blocking Hollis's use of the easement.
In May 1996 Hollis sued McClendon requesting that the trial court enjoin McClendon from obstructing Hollis's access to the easement. Thereafter, both parties filed summary judgment motions, pursuant to Rule 56 (c), Ala. R. Civ. P.
In November 1997 the trial court entered a summary judgment in favor of Hollis, finding that she was entitled to a judgment as a matter of law. The trial court further ordered McClendon to remove any obstructions from the easement. The trial court subsequently amended its order to enjoin McClendon from using that portion of land that Hollis had acquired from the Halls. McClendon filed a post-judgment motion, which the trial court denied.
The dispositive issue is whether the trial court erred in determining that Hollis was entitled to a judgment as a matter of *Page 230 
law. On appeal, an appellate court must decide whether a genuine of a material fact exists. If the appellate court determines that no genuine issue of a material fact exists, then the court must determine whether the moving party was entitled to a judgment as a matter of law. McClendon v. Mountain Top Indoor Flea Market,Inc., 601 So.2d 957 (Ala. 1992).
In the instant case, McClendon contends that the easement was originally granted for ingress and egress and that the purpose of the easement ceased to exist when Hollis purchased the additional strips of property, which provided her with an alternate route of ingress and egress. Specifically, McClendon contends that there was an understanding between her and the Lamars that, once the Lamars constructed a driveway on the easement, McClendon would place a fence along the boundary of the easement to denote the boundary line between the McClendon property and the Hall property.
McClendon points this court to the general rule that, "an easement which is given for a specific purpose terminates as soon as such purpose ceases to exist, is abandoned, or is rendered impossible of accomplishment." Sasser v. Spartan Foods Systems,Inc., 452 So.2d 475, 478 (Ala. 1984).
In Lawley v. Abbott, 642 So.2d 707, 708 (Ala. 1994), however, our supreme court noted the following:
 "When the easement is one of express grant, however this Court must determine the scope of the easement according to the written language of the deed. If this language is unambiguous, the Court may not consider parol evidence to determine to what extent the grantor intended to grant the easement."
(Citations omitted.)
In the instant case, the 1992 deed from McClendon unambiguously granted the Lamars "[a]n ingress-egress road easement 12 feet by 200 feet." The deed is unambiguous, contains no conditions, and makes no reference to a specific purpose. Accordingly, Hollis "held . . . a property right that cannot be diminished merely because there now exists an alternative of ingress and egress."Lawley, 642 So.2d at 708.
McClendon also contends that the trial court erred in determining that the easement was exclusive and in enjoining her form using the easement. As noted previously, the trial court amended its order to add that McClendon "is further enjoined and restrained from using [Hollis's] ingress and egress easement as such easement is an exclusive easement as to that part acquired by [Hollis] from [the Halls] for the benefit of [Hollis] and not a mutual easement."
We interpret the forgoing to mean that McClendon is enjoined from using the additional strips of property that Hollis purchased from the Halls, i.e. additional easements, and not the original easement over and across McClendon's land.
Based on the foregoing, the trial court correctly entered a summary judgment in favor of Hollis, finding that she was entitled to a judgment as a matter of law. Consequently, the judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e), Ala. Code 1975.
AFFIRMED.
All judges concur.