YATES, Judge.
These parties have previously been before this court. See McClendon v. Hollis, 730 So.2d 229 (Ala.Civ.App.1998) (“McClendon /”).
Barbara McClendon sued Gustava Hollis on June 18, 1999, seeking certain declaratory and injunctive relief, alleging that Hollis had placed a drainage ditch and pipe across an easement that she used for a driveway to provide ingress to and egress from her property. On July 19,1999, Hollis moved to dismiss the complaint, arguing, among other things, that the action was barred by the doctrine of res judicata. Hollis also answered the complaint on that same day, asserting the doctrine of res judicata as a defense.
McClendon moved the court for a summary judgment on April 10, 2000. In support of her motion, she submitted her affidavit, certain photographs, and other exhibits. Hollis responded and submitted her affidavit in opposition to McClendon’s motion for a summary judgment. On June 7, 2000, the trial court entered an order denying 'McClendon’s summary-judgment motion and granting Hollis’s motion to dismiss. McClendon appeals. This case was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
We find the following facts set forth in McClendon I relevant to the disposition of this case:
“Hollis and McClendon are adjoining property owners, who share a common east and west boundary. The property owned by Hollis was formerly owned by the Lamars and was, at that time, landlocked. Hence, in 1992 McClendon deeded a portion of her land to the Lamars for purposes of ingress and egress.
“In 1994 the Lamars conveyed their property, including the easement, to Hollis. Hollis, thereafter, acquired from the Halls, her neighbors on the north, two additional strips of property, which are contiguous, and parallel, to the easement. Hollis purchased the additional property in order to expand the ingress and egress to her property. At some point, McClendon erected metal fence posts along the boundary of the easement, thereby blocking Hollis’s use of the easement.
“In May 1996 Hollis sued McClendon, requesting that the trial court enjoin McClendon from obstructing Hollis’s ac *1043 cess to the easement. Thereafter, both parties filed summary judgment motions, pursuant to Rule 56(c), Ala. R.Civ.P.
“In November 1997 the trial court entered a summary judgment in favor of Hollis, finding that she was entitled to a judgment as a matter of law. The trial court further ordered McClendon to remove any obstructions from the easement. The trial court subsequently amended its order to enjoin McClendon from using that portion of land that Hollis had acquired from the Halls. McClendon filed a post-judgment motion, which the trial court denied.”
730 So.2d at 229.
McClendon argued that the easement had been granted for ingress and egress and that the purpose of the easement ceased to exist when Hollis purchased the additional strips of property, because she then had an alternate route of ingress to and egress from to her property. However, this court held that the easement did not terminate and that Hollis did not abandon the easement by the purchase of the two additional strips of property. McClendon I. McClendon also argued that the trial court erred in determining that the easement was exclusive and in enjoining her from using it. This court held: “We interpret [the trial court’s amended order] to mean that McClendon is enjoined from using the additional strips of property that Hollis purchased from the Halls, i.e., additional easements, and not the original easement over and across McClendon’s land.” Id. at 230. Thus, the issues decided by this court in McClendon I were whether the easement had terminated or had been abandoned and whether McClen-don was enjoined from using the easement.
In the present litigation, it is McClendon who has sued Hollis, alleging that Hollis had obstructed her use of the easement by placing a drainage ditch and pipe across the easement. Hollis testified in her affidavit that the easement in question is in the same condition as it was when McClen-don I was litigated. McClendon testified in her affidavit that before she had filed her complaint in this case, Hollis had placed a drainage ditch and pipe across the easement, which prevented her use of the easement, and that the ditch is often full of water. McClendon also submitted photographs of the easement, which are in the record. These photographs depict an unpaved dirt road with a drainage pipe buried beneath it. It is difficult to determine how far below the road the pipe is buried, although it appears to be several inches to several feet beneath the road’s surface. The photographs also depict some puddling of water in the middle of the road above the pipe. McClendon testified that these photographs accurately depict the ditch and drainage pipe across the easement.
We must first determine the appropriate standard of review to be applied in this case. A motion to dismiss based on the doctrine of res judicata is in the nature of a Rule 12(b)(6), Ala.R.Civ.P., motion to dismiss for failure to state a claim upon which relief can be granted. See Slepian v. Slepian, 355 So.2d 714, 716 (Ala.Civ.App.1977) n. 2 (holding that a res-judicata defense may be properly asserted in a Rule 12 motion to dismiss for failure to state a claim upon which relief can be granted). Rule 12(b) provides, in part:
“If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.”
*1044 We recognize that the affidavits and photographs in this case were submitted to the court in support of and in opposition to the summary-judgment motion filed by McClendon. After a hearing on this summary-judgment motion, the court denied that motion and revisited Hollis’s motion to dismiss, which it granted. Because the court had the affidavits and photographs before it and because the court did not specifically exclude those documents, we conclude that Hollis’s motion to dismiss was converted to a motion for a summary judgment; therefore, we will review this case by applying the appropriate summary-judgment standard.
In reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala.R.Civ.P. When the movant makes a prima facie showing that no genuine issue of material fact exists, the burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989). This court must review the record in a light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412 (Ala.1990).
McClendon argues that the court erred in holding that her complaint is barred by the doctrine of res judicata. She specifically argues that the issues and the cause of action presented in this action differ from those presented in McClendon I. The four essential elements of res judi-cata are:
“(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions. If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation.”
Equity Resources Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala.1998). Our supreme court has explained the doctrine of res judicata as follows:
“[RJes judicata ... involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the defendant won, the plaintiff is barred from relitigating any matter which could have been litigated in the prior action.”
Id. at 636-37, quoting Whisman v. Alabama Power Co., 512 So.2d 78, 81 (Ala.1987). “To determine whether the same cause of action is involved in both actions, the court must decide whether the issues in the two actions are the same and whether the same evidence would support a recovery for the plaintiffs in both actions.” Benetton S.p.A. v. Benedot, Inc., 642 So.2d 394, 399 (Ala.1994); Vinson, supra.
*1045 We conclude that the court erred m determining that McClendon’s action was barred by the doctrine of res judicata. In this action the parties stand in different places, because McClendon is now the plaintiff and Hollis the defendant, whereas in the prior litigation McClendon was the defendant and Hollis was the plaintiff. Justice Houston’s discussion of the doctrine in Vinson, supra, envisions the same plaintiff attempting to relitigate the same cause of action or to litigate a different claim that arises from the same evidence. In the prior litigation, Hollis had sued McClendon, seeking to enjoin her from obstructing Hollis’s access to the easement by erecting metal posts. The trial court entered a judgment in favor of Hollis. On appeal, McClendon argued that the easement had terminated or had been abandoned by Hollis because of her purchase of additional property, which provided Hollis with an alternate route of ingress and egress. This court determined that the easement had not terminated and had not been abandoned by Hollis. We also determined that McClendon should not be enjoined from using the easement.
In the present litigation, McClendon has sued Hollis, seeking certain declaratory and injunctive relief, alleging that Hollis had blocked her use of the easement by placing a drainage ditch and pipe across it. The evidence necessary to support a recovery in this ease by McClendon is not the same as the evidence necessary to determine whether the easement had terminated or had been abandoned by Hollis, or whether McClendon should be enjoined from using the easement. We conclude that the issue presented in the present case is different from the issues presented in McClendon I and that the evidence that would support a recovery in the present case is not the same as the evidence that would support a recovery in McClendon I. Thus, the fourth element of res judicata is not present. Therefore, we must reverse the judgment and remand the case for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and MONROE, CRAWLEY, and THOMPSON, JJ., concur.