Charles Reed sued Brookwood Medical Center ("Brookwood"), alleging fraud, outrage, breach of contract, and defamation. Holding that Reed's claims were barred by the doctrines of collateral estoppel and res judicata, the trial court entered a summary judgment for Brookwood. Reed appealed.
On October 10, 1990, while employed at Southern Moving Systems, Inc. ("Southern"), Reed suffered a work-related injury to his back and received medical treatment for it. He contends that in December Southern and its worker's compensation insurance carrier, United States Fidelity Guaranty ("USF 
G"), requested that he undergo a myelogram at Brookwood's medical facility in order to determine if there was any further injury to his back. Reed had not received treatment at Brookwood's facility for his back injury before December 27, 1990, when he was admitted to undergo the myelogram. Upon admission to Brookwood's facility, Reed signed a financial agreement, stating that he agreed to be personally liable for the cost of all medical treatment. Reed was discharged on December 28. The myelogram appears to have been the only medical procedure performed.
In April 1991, a final judgment was entered in the worker's compensation case. Later, Reed received a bill from Brookwood for his December 1990 treatment. In September 1992, with the bill still unpaid, Brookwood sued Reed in the Morgan District Court to collect it. On October 29, 1992, the district court entered a $3,835 judgment for Brookwood. Reed did not appeal.
Reed brought the present action alleging fraud, breach of contract, outrage, and defamation, on April 22, 1993, in the Circuit Court of Morgan County. These claims were based on the contention that Brookwood had wrongfully sued him in the Morgan District Court to collect its bill. Reed alleged that he was not liable to Brookwood for the cost of the treatment and that Brookwood had defamed him by printing the wrong diagnosis on his bill. The trial judge entered a summary judgment for Brookwood on December 6, 1993, holding that Reed's action was barred by the doctrines of collateral estoppel and res judicata. It is important to note that any claim Reed may have against Southern or USF G for reimbursement of his medical expenses is not involved in this case.
The doctrine of collateral estoppel precludes one party from raising against another party a claim previously litigated between the same parties in an earlier action. McDonald v. U.S.Die Casting Development Co., 628 So.2d 433 (Ala. 1993);Whisman v. Alabama Power Co., 512 So.2d 78 *Page 1247 
(Ala. 1987). The issue in Brookwood's collection action in the district court was whether Reed was liable to Brookwood for payment of a debt. A court of competent jurisdiction determined that Reed was personally liable to Brookwood for the medical treatment he received in December 1990. Therefore, Reed's claims in the present action are barred because, in order to resolve them, the Morgan Circuit Court would have to find that Reed did not owe this same debt to Brookwood, even though the Morgan District Court has previously found him personally liable for it and has rendered a judgment against him based on that debt.
For purposes of determining whether the doctrine of res judicata applies to a claim, the manner in which the claim is labeled in the complaint does not necessarily determine the nature of the claim. Garris v. South Alabama Production CreditAss'n, 537 So.2d 911, 914 (Ala. 1989). Whether the second action presents the same claim depends on whether the issues in the two actions are the same and on whether the same evidence would support a recovery in both actions. Id.
We have already stated that the issues in this action are the same as those in the district court action. We also conclude that the claims are the same. Reed has admitted that he received treatment at Brookwood's medical facility in December 1990. The evidence submitted in the district court action included the agreement signed by Reed in December 1990; that agreement included a provision by which he became personally liable for payment of all medical treatment. Based on this and other evidence, the Morgan District Court found that Reed was liable to Brookwood. Evidence as to whether Reed was liable on that debt is also necessary to prove or disprove Reed's present claims of breach of contract, fraud, outrage, and defamation.
The trial court properly entered the summary judgment for Brookwood, because Reed's present action calls for a relitigation of the same claims and involves the same issues already decided in the first action. The judgment of the trial court is affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, SHORES and STEAGALL, JJ., concur.