723 So.2d 634 (1998)
EQUITY RESOURCES MANAGEMENT, INC., et al.
v.
Linda VINSON.
1970217.
Supreme Court of Alabama.
November 13, 1998.
*635 Susan S. Wagner, Frank S. James III, and Wesley C. Redmond of Berkowitz, Lefkovits, Isom & Kushner, P.C., Birmingham, for appellants.
Jimmy Jacobs, Montgomery, for appellee.
HOUSTON, Justice.
Pursuant to Rule 5, A.R.App.P., this Court granted permission to Equity Resources Management, Inc. ("Equity Resources"), Paul Spina, Jack Fiorella, and Carol Bohn,[1] to appeal the trial court's denial of their motion for a summary judgment in this action filed against them by Linda L. Vinson. The summary judgment motion was based on the defense of res judicata, the elements of which were stated in that motion as "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both suits."[2]
Before she filed this action in August 1996, Vinson had filed an action against these same defendants in the United States District Court for the Middle District of Alabama, Northern Division (Vinson v. Equity Resources Management, Inc., et al., CA-95-T-1649-N, "the federal action"), seeking damages for, among other things, age discrimination, under the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq. In the federal action, she had sought damages for:
"(1) [T]he loss of income and benefits from the date of her termination to the present; *636 (2) the loss of future income and benefits; (3) damage to her ability to secure employment of comparable pay, responsibilities, and advancement opportunities; (4) loss of her home with concomitant loss of the value of her investment therein, and the loss of future appreciation thereto; (4[sic]) medical expenses; (5) interest expenses incurred due to loans necessitated by the loss of her source of income; and (6) damage to her reputation for creditworthiness and present and future ability to obtain credit."
In connection with three of her claims now before this Court (those claims alleging fraud, breach of contract, and negligence or wantonness in the hiring, training, supervision, and retention of her immediate supervisor, Bohn), Vinson seeks damages for:
"(a) [T]he loss of income and benefits from the date of her termination to the present; (b) the loss of future income and benefits; (c) damage to her ability to secure employment of comparable pay, responsibilities, and advancement opportunities; (d) loss of her home with concomitant loss of the value of her investment therein, and the loss of future appreciation thereto; (e) mental and emotional distress; (f) medical expenses; (g) interest expenses incurred due to loans necessitated by the loss of her source of income; and, (h) damage to her reputation for creditworthiness and present and future ability to obtain credit."
Vinson also seeks punitive damages in connection with her claims alleging fraud and wanton hiring, as well as in connection with her claim alleging a "violation of [her] rights to equal protection and due process of law under Article One §§ 6 and 13 of the Constitution of Alabama of 1901."
The federal district court dismissed Fiorella, Spina, and Bohn as defendants on the ground that as to them Vinson had failed to state a claim upon which relief could be granted. The federal claim against Equity Resources was then tried to a jury, which awarded Vinson $86,000.[3] The district court entered a judgment on the jury's verdict, and, after this permissive appeal was filed, that judgment was affirmed by an unpublished opinion. Vinson v. Equity Resources, 141 F.3d 1190 (11th Cir.1998) (table).
The essential elements of res judicata are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions. If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation. Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725-26 (Ala.1990).
The federal district court entered a judgment in favor of Vinson and against Equity Resources on the merits of Vinson's federal statutory age-discrimination claim. That court also entered a judgment on the merits in favor of the individual defendants Spina, Fiorella, and Bohn. See Higgins v. Henderson, 551 So.2d 1050, 1053 (Ala.1989) ("In a federal court, dismissal for failure to state a claim on which relief may be granted is an adjudication on the merits of the case."). Subject matter jurisdiction over federal age-discrimination claims is expressly conferred on federal district courts. See 29 U.S.C. § 626(c)(1). The dispositive issue on this appeal is, therefore, whether the fourth element of res judicatathat each action was based on the same cause of actionis present.
This Court, in Whisman v. Alabama Power Co., 512 So.2d 78, 81 (Ala.1987), restated the elements of res judicata:

"[R]es judicata ... involves prior litigation between a plaintiff and a defendant, which is decided on the merits by a court of competent jurisdiction, and then a subsequent attempt by the prior plaintiff to relitigate the same cause of action against the same defendant, or perhaps to relitigate a different claim not previously litigated but which arises out of the same evidence. Alabama law is well settled that this will not be allowed. A valid, final judgment on the merits of the claim extinguishes the claim. If the plaintiff won, the claim is merged into the judgment; if the *637 defendant won, the plaintiff is barred from relitigating any matter which could have been litigated in the prior action."
(Citations omitted. Emphasis in original.) This statement from Whisman is consistent with a long line of cases holding that whether the second action presents the same cause of action depends on whether the issues in the two actions are the same and on whether substantially the same evidence would support a recovery in both actions. See, e.g., Sessions v. Jack Cole Co., 276 Ala. 10, 158 So.2d 652 (1963); Gulf American Fire & Casualty Co. v. Johnson, 282 Ala. 73, 209 So.2d 212 (1968); Geer Brothers, Inc. v. Crump, 349 So.2d 577 (Ala.1977); Dominex, Inc. v. Key, 456 So.2d 1047 (Ala.1984); Sullivan v. Walther Builders, Inc., 495 So.2d 655 (Ala.1986); Pierce v. Rummell, 535 So.2d 594 (Ala.1988); Garris v. South Alabama Production Credit Ass'n, 537 So.2d 911 (Ala. 1989); Dairyland Ins. Co. v. Jackson, supra; Croft v. Pate, 585 So.2d 799 (Ala.1991); Selma Foundry & Supply Co. v. Peoples Bank & Trust Co., 598 So.2d 844 (Ala.1992); Vaughan v. Barr, 600 So.2d 994 (Ala.1992); Reed v. Brookwood Medical Center, 641 So.2d 1245 (Ala.1994); Benetton S.p.A. v. Benedot, Inc., 642 So.2d 394 (Ala.1994); see also other cases collected at 34 Ala. Digest 2d Judgment Key No. 585(2) (1994).
Even though some of our cases have recognized that the plaintiff's presentation of alternative legal theories in a second action can be a factor to be considered in determining whether the two causes of action are the same, see, e.g., Benetton S.p.A. v. Benedot, Inc., supra; Vaughan v. Barr, supra; and Dairyland Ins. Co. v. Jackson, supra, this Court has made it very clear that the determinative inquiry is whether the claims in both actions arise out of, and are subject to proof by, the same evidence. See Gulf American Fire & Casualty Co. v. Johnson, supra, 282 Ala. at 78, 209 So.2d at 216, quoting Cannon v. Brame, 45 Ala. 262, 263 (1871):
"`In civil cases the judgment of a court of concurrent jurisdiction, directly upon the point, is as a plea, a bar, and as evidence, conclusive, between the same parties upon the same matter directly in question in another court. A verdict for the same cause of action, between the same parties, is absolutely conclusive. And the cause of action is the same when the same evidence will support both actions, although the actions may happen to be founded on different writs. Thus a judgment in trespass will be a bar to an action of trover for the same taking. And a verdict in trover will be a bar to an action for money had and received for the sale of the same goods.'"
(Citation omitted.) See also Geer Brothers, Inc. v. Crump, supra, 349 So.2d at 580 ("Even though the forms of the action, past and present, are different, if substantially the same evidence supports their issues, the judgment in the former action is a bar to the latter."); Benetton S.p.A. v. Benedot, Inc., supra, 642 So.2d at 399 ("In Selma Foundry, this Court made it clear that the `same evidence' test applies in determining whether the same cause of action is presented in consecutive actions with regard to the fourth element of res judicata."); Garris v. South Alabama Production Credit Ass'n, supra, 537 So.2d at 914 ("Regardless of the form of the action, the issue is the same when it is supported in both actions by substantially the same evidence."); and Reed v. Brookwood Medical Center, supra, 641 So.2d at 1247 ("For purposes of determining whether the doctrine of res judicata applies to a claim, the manner in which the claim is labeled in the complaint does not necessarily determine the nature of the claim.").
Difference in the proof of damages is not a ground for distinguishing the issues in each case. Sessions v. Jack Cole Co., supra; Geer Brothers, Inc. v. Crump, supra; Terrell v. City of Bessemer, 406 So.2d 337 (Ala.1981). Compare Pierce v. Rummell, supra, wherein this Court held that the plaintiff's motion for a rule nisi against her former husband, seeking to have him found in contempt of court for his failure to comply with the parties' divorce judgment, did not bar her later action seeking compensatory and punitive damages for fraud and conspiracy to defraud. This Court noted in Pierce that the rule-nisi motion and the action for civil damages addressed entirely different wrongful acts, for which different forms of relief were available.
*638 In Weaver v. Hood, 577 So.2d 440, 442 (Ala.1991), this Court, citing Terrell v. City of Bessemer, supra, summarized these principles in the context of § 6-5-440's prohibition against splitting a single cause of action into state and federal actions that arise out of the same facts:
"The phrase `courts of this state,' as used in § 6-5-440, includes all federal courts located in Alabama. Ex parte Canal Ins. Co., 534 So.2d 582, 584 (Ala.1988). This Court has consistently refused to allow a person to prosecute an action in a state court while another action on the same cause and against the same parties is pending in a federal court in this State. Canal Ins., supra; Century 21 Preferred Properties, Inc. v. Alabama Real Estate Comm'n, 401 So.2d 764 (Ala.1981). That principle has been applied where, as in the instant case, the separate actions involved both common law theories of recovery and theories of recovery peculiar to federal law. Century 21, supra. The rationale behind the application of the prohibition against splitting a cause of action in such cases is based on the recognition that federal law theories and state law theories are often parallel grounds for relief as to the same wrongful acts or disputes. Century 21, 401 So.2d at 769.
"When there is a single wrongful act or dispute and that single act or dispute supports both a cause of action under state law and a cause of action under federal law, there is, nevertheless, but one wrong or dispute and one cause of action; i.e., the act or dispute will support an action in either a state court or a federal court. Terrell v. City of Bessemer, 406 So.2d 337, 339 (Ala.1981). In such cases, the plaintiff can include his state law claims in his federal action and can request that the federal court exercise its power of pendent jurisdiction to hear both sets of claims. Terrell; Century 21, supra.

"In Terrell, this Court recognized a limited exception to the general rule against splitting causes of action. In that case, the plaintiff submitted his state law claim, along with his federal claim, to the federal district court. That court, however, declined to exercise its discretionary power of pendent jurisdiction. 406 So.2d at 339. Recognizing that the plaintiff had done all that he could to combine his state and federal claims in one proceeding, this Court held that `under the facts of [that] appeal, [the plaintiff] should be afforded an opportunity to pursue his alleged common law theories of recovery in state court.' Id."

See also Hughes v. Allenstein, 514 So.2d 858 (Ala.1987).
Justice Beatty, writing for this Court in Geer Brothers, Inc. v. Crump, supra, noted that "[t]he description of those cases against which the defense of res judicata is inapplicable has not always been an easy task, but the decisions have laid down helpful guidelines." 349 So.2d at 579. Having again surveyed Alabama caselaw on this point, we would have to agree with Justice Beatty's assessment. However, a clearly definable and pragmatic rule appears to have evolved over the years for determining whether a consecutive action by the same plaintiff against the same defendant or defendants is based on the same cause of action. That rule, gleaned from the cases cited above, can be summarized as follows: The application of the doctrine of res judicata to identical causes of action is not dependent on the identity or differences in the forms of the two actions, although such differences may be considered. If a claim, which arises out of a single wrongful act or dispute, is brought to a final conclusion on the merits, then all other claims arising out of that same wrongful act or dispute are barred, even if those claims are based on different legal theories or seek a different form of damages, unless the evidence necessary to establish the elements of the alternative theories varies materially from the evidence necessary for a recovery in the first action. In taking this approach, this Court has adopted a test that in certain respects is similar to, but which is not the same as, the "same transaction" test, which is found in Restatement (Second) of Judgments and which is applied in the federal courts. Although Justice Cook in his special writing advocates the use of that test in the present case, this Court discussed that test in Selma Foundry & Supply Co. v. *639 Peoples Bank & Trust Co., supra, and specifically rejected it.
After carefully examining the allegations contained in Vinson's federal- and state-court complaints, and after reviewing the federal district court's "Order on Pretrial Hearing," we conclude that Vinson's state-law claims are barred. The basic issues in the federal action centered around whether the defendants, and specifically Carol Bohn, had intentionally discriminated against Vinson by terminating her employment solely on the basis of her age. Vinson specifically alleged in the federal action that the defendants had made material misrepresentations to her concerning her job security and that she had relied on those misrepresentations to her detriment, by giving up an opportunity for other employment. Vinson made these same allegations in her state action. She also alleged in her state action that the defendants had breached a contract by terminating her employment for a reason other than the grounds set out in the company's "Policies and Procedures Manual" and that the defendants had negligently or wantonly hired or failed to train or supervise "staff who act responsibly, and in accordance with the law, toward their employees." Vinson's federal age-discrimination claim and her state-law claims, including her rather vague state constitutional claims, all arose out of the same acts, and her state claims logically would be subject to proof by the very same evidence that supported her federal age-discrimination claim. Although Vinson's state-law action was instituted on legal theories of recovery different from those pursued in the federal action, those theories, in light of the substantial overlap of factual issues and evidence, do not constitute different causes of action for res judicata purposes. Vinson did not request that the district court exercise pendent jurisdiction over her state-law claims, and it is not clear from the record that the district court would have declined such a request. Terrell v. City of Bessemer, supra. Therefore, the federal judgment bars her state action under the doctrine of res judicata. Weaver v. Hood, supra.
The trial court's order denying the defendants' motion for a summary judgment is reversed, and the cause is remanded.
REVERSED AND REMANDED.
HOOPER, C.J., and ALMON, SHORES, SEE, and LYONS, JJ., concur.
MADDOX and COOK, JJ., concur in the result.
COOK, Justice (concurring in the result).
I concur in the majority's conclusion that Linda Vinson's action against Equity Resources Management, Inc. ("Equity"), and various individual defendants is barred by the doctrine of res judicata. I also agree with the majority that this Court in Selma Foundry & Supply Co. v. Peoples Bank & Trust Co., 598 So.2d 844, 848 (Ala.1992), expressly rejected the "`same transaction' test, which is found in Restatement (Second) of Judgments and which is applied in the federal courts." 723 So.2d at 638. However, when this Court is determining the preclusive effect of a prior federal-court judgment involving a federal questionas in this caseit does not have the option of rejecting the "same transaction" test.
The rule is universally recognized that in such a case, "the federal rule of res judicata determines whether [the second action is barred by the judgment in the first]. See Restatement (Second) of Judgments § 87 (1982); 18 C. Wright, A. Miller, E. Cooper, Federal Practice and Procedure § 4466 (1981); Degnan, Federalized Res Judicata, 85 Yale L.J. 741, 769 (1976)." Matter of Energy Cooperative, Inc., 814 F.2d 1226, 1230 (7th Cir.), cert. denied sub nom. Energy Cooperative, Inc. v. Phillips Petroleum Co., 484 U.S. 928, 108 S.Ct. 294, 98 L.Ed.2d 254 (1987); see also Hawkins v. Risley, 984 F.2d 321 (9th Cir.1993); Nutter v. Monongahela Power Co., 4 F.3d 319 (4th Cir.1993); Russell v. SunAmerica Securities, Inc., 962 F.2d 1169 (5th Cir.1992); Kachler v. Taylor, 849 F.Supp. 1503 (M.D.Ala.1994). In other words:
"When a State court is ... determining the preclusive effect of a Federal court's judgment, it is the Federal law of res judicata which must be examined....

*640 "Simply stated, if a set of facts gives rise to a claim based on both State and Federal law, and the plaintiff brings the action in a Federal court which had `pendent' jurisdiction to hear the State claim but the plaintiff declines to assert such State claim, he may not subsequently assert the State ground in a State court action."
Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 449-50, 440 N.E.2d 1164, 1167-68 (1982) (emphasis added). See also Stanfield v. Osborne Indus., Inc., 263 Kan. 388, 949 P.2d 602 (1997); Ray v. Leatherman, 688 So.2d 1133 (La.Ct.App.1996), writ denied, 685 So.2d 123 (La.1997); Richman v. FWB Bank, 122 Md.App. 110, 712 A.2d 41 (1998).
Vinson first commenced this action in the United States District Court for the Middle District of Alabama against (1) Equity, (2) Jack Fiorella, (3) Paul Spina, and (4) Carol Bohn. The defendants were, respectively (1) her corporate employer; (2) Equity's "president and majority shareholder"; (3) Vinson's "direct supervisor"; and (4) Equity's "director of property management." The operative facts giving rise to this cause of action are stated as follows in an "Order on Pretrial Hearing" entered by that court:
"The Plaintiff contends that she was hired/retained as the resident property manager of the Meadows Apartments by the Defendants when they purchased the property on May 1, 1993. The Plaintiff held this position under previous owners since February 24, 1987. The Plaintiff contends that she was qualified for the position she held, in that she had successfully performed it for ... years prior to Defendants' purchase of the property and that she was selected and hired by Defendants to manage the property after they purchased it. The Plaintiff further contends that she successfully managed the property, upon her own initiative and under the supervision of Defendants' principal, Paul Spina, never receiving reprimands or any other notice that her job performance was unsatisfactory. On October 19, 1994, Paul Spina came to the Meadows with Carol Bohn and informed the Plaintiff that Ms. Bohn would assume primary responsibility for the Defendants as her supervisor.... At the conclusion of an otherwise routine visit to the property on November 12, 1994, Ms. Bohn informed the Plaintiff that she `needed to make a change' although the Plaintiff was a `good' manager, and that the Plaintiff's employment would be terminated. The Plaintiff contends that she was asked to work out her two weeks' notice, and to then stay on an additional week in order that she could train her replacement. On the day following this notice of her termination, the Plaintiff, who was fifty-nine years old, was told by an outside vendor who was a regular visitor to the property that he had `heard that she was retiring.' Since she had told no one that she had been terminated from her employment, the Plaintiff contends that this `information' could only have come from Ms. Bohn or her agent, and that it is a clear indication that her age was the critical factor in Ms. Bohn's decision. The Plaintiff subsequently learned that her replacement, chosen by Ms. Bohn, was thirty years old and that she had no prior experience in property management. The Plaintiff contends that this is further proof that her age was the principal factor in the `change' Ms. Bohn `needed' to make."
Vinson's complaint sought recovery pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. Specifically, she sought compensation for:
"(1) the loss of income and benefits from the date of her termination to the present; (2) the loss of future income and benefits; (3) damage to her ability to secure employment of comparable pay, responsibilities, and advancement opportunities; (4) loss of her home with concomitant loss of the value of her investment therein, and the loss of future appreciation thereto; (4[sic]) medical expenses; (5) interest expenses incurred due to loans necessitated by the loss of her source of income; and, (6) damage to her reputation for creditworthiness and present and future ability to obtain credit."
On April 3, 1996, the district court dismissed the individual plaintiffs, holding that the *641 ADEA "does not allow for individual liability." Brief of Appellee, at 7. The action was then tried to a jury, which "found that [Equity] discriminated against [Vinson] because of her age, in violation of the [ADEA] and awarded her damages in the amount of $86,000." On April 4, 1997, the district court entered a judgment on that verdict. On April 9, 1998, the United States Court of Appeals for the Eleventh Circuit affirmed the judgment.
Meanwhile, on August 13, 1996, Vinson filed a complaint against Equity, Fiorella, Spina, and Bohn in the Montgomery County Circuit Court. Her state-court complaint sought recovery on theories of (1) fraud, (2) breach of contract, (3) equal protection and due process guarantees, and (4) negligent "hiring, training, supervision and/or retention of Carol A. Bohn." As she had in the federal court, she sought compensation for:
"(a) the loss of income and benefits from the date of her termination to the present; (b) the loss of future income and benefits; (c) damage to her ability to secure employment of comparable pay, responsibilities, and advancement opportunities; (d) loss of her home with concomitant loss of the value of her investment therein, and the loss of future appreciation thereto; (e) mental and emotional distress; (f) medical expenses; (g) interest expenses incurred due to loans necessitated by the loss of her source of income; and, (h) damage to her reputation for creditworthiness and present and future ability to obtain credit."
On September 15, 1997, the defendants moved for a summary judgment, contending that the claim asserted in the state-court complaint arose "from the termination of [Vinson's] employment with [Equity]"; that that claim "could have been asserted in the Prior Action pursuant to the Federal District Court's supplemental jurisdiction"; and, consequently, that Vinson's state-court action was barred by the doctrine of res judicata. The trial court denied the motion, and we granted permission to appeal that denial. Under these facts, this Court has no choice but to apply what the majority refers to as "the `same transaction' test, which is found in Restatement (Second) of Judgments and which is applied in the federal courts." 723 So.2d at 638.
Under that test:
"`[T]he parties to a suit and their privies are bound by a final judgment and may not relitigate any ground for relief which they already have had an opportunity to litigateeven if they chose not to exploit that opportunitywhether the initial judgment was erroneous or not.' The judgment bars any further claim based on the same `nucleus of facts,' for `it is the facts surrounding the transaction or occurrence which operate to constitute the cause of action, not the legal theory upon which a litigant relies.'"
Page v. United States, 729 F.2d 818, 820 (D.C.Cir.1984) (footnotes omitted). "Once a transaction has caused injury, all claims arising from that transaction must be brought in one suit or be lost." Car Carriers, Inc. v. Ford Motor Co., 789 F.2d 589, 593 (7th Cir. 1986).[4]
Application of this test compels the conclusion that Vinson's claims are barred by the doctrine of res judicata. There is but one cause of action in this caseVinson's layoff. She suffered only one injury, as evidenced by the functionally identical damages demands asserted in the two complaints. A resolution of the state-court claims would necessarily turn on the actions and motives of Carol Bohn, just as the resolution of the federal-court claims did. For these reasons, I concur only in the result the majority reaches.
NOTES
[1] Some documents in the record spell this party's name "Carole."
[2] Although the defendants have raised them in their brief, they did not in their summary judgment motion raise the specific issues of collateral estoppel and the splitting of causes of action under Ala.Code 1975, § 6-5-440; thus, those issues are not before us in this permissive appeal.

There is a line of cases holding or implying that the doctrine of res judicata consists of two subsets: claim preclusion and issue preclusion. Marshall County Concerned Citizens v. City of Guntersville, 598 So.2d 1331, 1332 (Ala.1992); Whisman v. Alabama Power Co., 512 So.2d 78, 84 (Ala.1987); see Restatement (Second) of Judgments Chapter 3, Introductory Note, §§ 13, 17 (1982); 46 Am.Jur.2d, Judgments, §§ 514-17, § 524, § 539 (1994). Another line of cases treats res judicata as claim preclusion and as a different doctrine from collateral estoppel or issue preclusion. Dairyland Ins. Co. v. Jackson, 566 So.2d 723, 725-26 (Ala.1990); Jones v. Blanton, 644 So.2d 882, 885 n. 1 (Ala.1994). It is not necessary for us to resolve that conflict in this case because clearly the defendants, in their motion for a summary judgment, treated res judicata as claim preclusion only, and the ruling on that motion is what we granted the defendants permission to appeal. It is well settled that this Court will not reverse a judgment or ruling on a ground raised for the first time on appeal. Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988).
[3] The district court awarded Vinson's attorney $22,961.77 in attorney fees and expenses.
[4] For further examples of federal cases applying that test, see In re Justice Oaks II, Ltd., 898 F.2d 1544 (11th Cir.), cert. denied sub nom. Wallis v. Justice Oaks II, Ltd., 498 U.S. 959, 111 S.Ct. 387, 112 L.Ed.2d 398 (1990); Shaver v. F.W. Woolworth Co., 840 F.2d 1361 (7th Cir.), cert. denied, 488 U.S. 856, 109 S.Ct. 145, 102 L.Ed.2d 117 (1988); Page v. United States, 729 F.2d 818, 820 (D.C.Cir.1984); and Southmark Properties v. Charles House Corp., 742 F.2d 862 (5th Cir. 1984).