This is an appeal from a judgment of the Dale Circuit Court entered on June 30, 2003, in which it declined to set aside a final-settlement judgment of the Dale County Probate Court. We affirm.
Essie Lee Hudson died intestate on April 14, 2000. Geraldine Johnson and Catherine Stewart, both daughters of the deceased, petitioned the Dale County Probate Court ("the probate court") for letters of administration. On June 28, 2000, the probate court issued letters of administration appointing Johnson and Stewart as co-administrators of the estate of Essie Lee Hudson ("the estate"). Following notice of their appointment by publication, several creditors filed claims against the estate. On June 28, 2001, Johnson and Stewart, on behalf of the estate, filed a petition with the probate court, pursuant to § 43-2-444, Ala. Code 1975, claiming that the personalty of the estate was insufficient to pay the claims filed against the estate and seeking to sell the decedent's real property located in Dale County ("the Dale County property") to pay the outstanding claims. On September 4, 2001, the probate court ordered the sale of the Dale County property.
On February 22, 2002, Johnson and Stewart petitioned to remove the case from the probate court to Dale Circuit Court ("the trial court"). The trial court granted the petition, and the case was transferred to the trial court. Simultaneous with the filing of the petition for removal, Johnson and Stewart filed a complaint seeking a court-ordered sale of the Dale County property. On June 19, 2002, the trial court ordered the sale of the property and ordered that notice of the sale be given by publication. The property was subsequently sold to Greg Jaeb on August 7, 2002, for $9,200.
On August 8, 2002, Johnson and Stewart filed an objection to the sale of the Dale County property, alleging that the property had a tax-assessed value of $22,780; that the bid price was so inadequate as to shock the conscience; that the bid price was inadequate to satisfy the outstanding mortgage indebtedness of $9,291 on the property; and that the bid price was inadequate to pay any claims against the estate or administration expenses.
Following a hearing, the trial court entered an order on September 16, 2002, in which it concluded, in part, that the sale of the Dale County property was held according to law, that there was no evidence of fraud, and that no conditions had been placed on the public sale. On October 21, 2002, Jaeb, the purchaser of the property, was issued a registers deed. The trial court subsequently transferred the case back to the probate court, determining that "all circuit court issues [were] resolved." On November 5, 2002, Johnson and Stewart moved the probate court to set the case for a final hearing, and on February 7, 2003, the probate court entered a judgment of final settlement.
On March 13, 2003, Jaeb filed a motion in the probate court seeking to "set aside" the final settlement and to require the estate to pay off the mortgage on the Dale County property purchased at the public sale. In support of his March 13, 2003, motion, Jaeb stated that "[a]t the time of sale he asked the attorney for the Estate what amount it would take to pay off all mortgages and liens against the property and was told $9,000. In response he bid the sum of $9,200." Jaeb further alleged *Page 926 
that after the estate received payment for the property, the estate refused to pay off the outstanding mortgage on the property. According to Jaeb, Johnson and Stewart failed to include the mortgage debt in the summary of expenses included with the November 5, 2002, motion to set the case for a final hearing.
Following an ore tenus hearing, the probate court entered an order on March 26, 2003, in which it set aside the February 7, 2003, final settlement and ordered the estate to pay off the remaining mortgage indebtedness on the Dale County property. The probate court specifically found:
 "1. That when the property was advertised for sale there was nothing in the advertisement or notice that stated that the property would be sold subject to a mortgage.
 "2. That at the time of the sale there was a mortgage on the said property.
 "3. That the attorney for the Estate represented to the purchaser, Greg Jaeb, at the time of the auction that, if he paid the sum of $9,000, he would get clear title to the property.
 "4. That neither the final settlement petition nor accounting nowhere shows a mortgage balance or state that the property was subject to a lien or mortgage. Therefore, the Court finds that an error occurred and pursuant to law, the Court has authority to set aside the final settlement to correct this error.
 "5. Further, pursuant to § 43-8-5, Ala. Code 1975, the Court has jurisdiction to provide relief for someone whenever a fraud or misrepresentation has occurred.
 "6. That the deed transferring title to Jaeb did not state that title was being transferred subject to the mortgage."
On April 3, 2003, Johnson and Stewart filed a motion to set aside the probate court's March 26, 2003, order; it does not appear from the record that the probate court ruled on that motion.
On April 24, 2003, Johnson and Stewart filed a notice of appeal to the trial court. Following a hearing, the trial court entered an order on June 30, 2003, in which it declined to disturb the judgment of the probate court. Johnson and Stewart timely appealed to this court. This court transferred the case to the supreme court for lack of subject-matter jurisdiction, and the supreme court transferred the case back to this court pursuant to § 12-2-7(6), Ala. Code 1975.
On appeal, Johnson and Stewart contend that the trial court erred in affirming the probate court's judgment because, they allege, the probate court was without jurisdiction to enter its March 26, 2003, order setting aside its February 7, 2003, judgment of final settlement. Johnson and Stewart specifically argue that Jaeb's motion to "set aside" the final settlement was a motion made pursuant to Rule 60(b), Ala. R. Civ. P., and, as such, was untimely filed and improperly used as a substitute for appeal.
We first note that, contrary to Johnson and Stewart's assertion on appeal, Jaeb's motion to "set aside" the final settlement was not made pursuant to Rule 60(b), but instead was made pursuant to § 43-8-5, Ala. Code 1975, which provides, in part:
 "Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this chapter or if fraud is used to avoid or circumvent the provisions or purposes of this chapter, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution *Page 927 
from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or not."
(Emphasis added.) Section 43-8-5 also places a limitation on the time period within which a party must seek relief under the statute:
 "Any proceeding must be commenced within one year after the discovery of the fraud or from the time when the fraud should have been discovered, but no proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of the commission of the fraud."
The record indicates that Jaeb alleged in his motion to set aside the final settlement that the attorney for the estate had misrepresented to him that the Dale County property only had a $9,000 outstanding mortgage indebtedness. As a result, Jaeb bid $9,200 for the property and subsequently paid that amount to the circuit clerk. It was later determined that the outstanding mortgage indebtedness exceeded the $9,000 amount allegedly reported by the attorney and the $9,200 amount bid by Jaeb. The probate court entered a judgment of final settlement on February 7, 2003, and, 34 days later, Jaeb filed a motion to set aside the final settlement. The time period between the entry of the judgment of final settlement on February 7, 2003, and when Jaeb filed his March 13, 2003, motion does not exceed the limitation period found in § 43-8-5, Ala. Code 1975, that is placed on such an action. Therefore, we cannot say that Jaeb's March 13, 2003, motion was untimely filed.
Johnson and Stewart also contend that § 43-8-5, on which Jaeb relied in his motion to set aside the final settlement and on which the probate court relied in its order setting aside the final settlement, is inapplicable in the instant case. As noted earlier, § 43-8-5 provides, in part:
 "Whenever fraud has been perpetrated in connection with any proceeding or in any statement filed under this chapter or if fraud is used to avoid or circumvent the provisions or purposes of this chapter, any person injured thereby may obtain appropriate relief against the perpetrator of the fraud or restitution from any person (other than a bona fide purchaser) benefitting from the fraud, whether innocent or not."
According to Johnson and Stewart, the statute applies only to fraud occurring during the administration of an estate, not to alleged improper conduct occurring at a public court-ordered sale of property that is part of an estate. Therefore, Johnson and Stewart assert that § 43-8-5 is inapplicable. In their appellate brief, Johnson and Stewart do not cite caselaw that supports their general contention that § 43-8-5 is inapplicable in the instant case. This court "cannot create legal arguments for a party based on undelineated general propositions unsupported by authority or argument." Spradlin v. Spradlin, 601 So.2d 76, 79
(Ala. 1992).
Contrary to Johnson and Stewart's assertion on appeal, however, we find the court-ordered sale of the Dale County property was directly related to the successful administration of the estate. Therefore, we find no merit in this argument.
Johnson and Stewart also suggest in their brief on appeal that Jaeb's claim for relief is barred by the doctrine of res judicata. In support of their position, Johnson and Stewart reference the commentary following § 43-8-5 that states that an action filed under that section is subject to the "usual rules of res judicata." The four essential elements of the doctrine of res judicata are: *Page 928 
 "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions. If those four elements are present, then any claim that was, or that could have been, adjudicated in the prior action is barred from further litigation."
Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala. 1998). The doctrine of res judicata applies when a party attempts to relitigate the same cause of action that was previously litigated against the same defendant or attempts to relitigate
a different claim not previously litigated but which arises out of the same evidence. Id. at 636-37.
In the instant case, Jaeb is not attempting to relitigate an identical cause of action against the estate. Johnson and Stewart claim that the trial court's September 16, 2002, order finding that the sale was held according to the law and that there was no evidence of fraud, represented a prior judgment on the merits. However, a close review of the trial court's September 16, 2002, order indicates that the trial court found that there was no fraud committed against the estate with regard to the way the sale of the property was conducted. The trial court was not asked to, and did not, determine if a fraud was committed during the sale. Based on the record before us on appeal and the minimal argument provided in Johnson and Stewart's brief, we cannot say that Jaeb is barred from seeking relief based on the doctrine of res judicata. See Equity Res. Mgmt., Inc., supra.
Johnson and Stewart further contend that the probate court's March 26, 2003, judgment, setting aside its February 7, 2003, judgment, is void. Johnson and Stewart specifically assert that the March 26, 2003, judgment of the probate court is void because, they say, the probate court lacked subject-matter jurisdiction and acted in a manner inconsistent with due process. In support of their contention, Johnson and Stewart cite only to the general proposition that
 "`[a] judgment is void only if the court which rendered it [1] lacked jurisdiction of the subject matter, or [2] of the parties, or [3] if it acted in a manner inconsistent with due process.'"
Neal v. Neal, 856 So.2d 766, 781 (Ala. 2002) (quoting SeventhWonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala. 1978)).
As we have previously stated, citations to general propositions of law are not considered "supporting authority," and a failure to cite supporting authority as to an issue normally leaves this court with no alternative but to affirm the trial court.Geisenhoff v. Geisenhoff, 693 So.2d 489, 491 (Ala.Civ.App. 1997), citing Ex parte Riley, 464 So.2d 92 (Ala. 1985). We must therefore affirm as to this issue.
AFFIRMED.
YATES, P.J., and PITTMAN, J., concur.
MURDOCK, J., concurs in the result, without writing.
CRAWLEY, J., dissents, with writing.