PITTMAN, Judge,
concurring specially.
Section 25-5-8(e), Ala.Code 1975, a part of the Alabama Workers’ Compensation Act, provides that “an employer required to secure the payment of compensation ... who fails to secure the compensation shall be liable for two times the amount of compensation which would have otherwise been payable for injury or death to an employee.” In this case, Ruggs sought in her complaint “[s]uch benefits as she [wa]s entitled to receive under the Worker’s Compensation Laws of the State of Alabama,” a body of law that includes § 25-5-8(e), yet the trial court did not award Ruggs a penalty in accordance with § 25-5-8(e) as a component of its May 20, 2004, judgment. Because Ruggs neither timely sought postjudgment relief nor appealed from that judgment, I must conclude that Ruggs’s claim for benefits under Alabama’s workers’ compensation laws has been brought to a final conclusion on its merits (having been fully merged into the May 20, 2004, judgment), and all other claims Ruggs might have asserted against MasterBrand that arise out of her workplace injury, including her penalty claim under § 25 — 5—8(e), are barred by the doctrine of res judicata. Equity Res. Mgmt., Inc. v. Vinson, 723 So.2d 634, 636 (Ala.1998). I therefore concur in the main opinion.