[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11962

Non-Argument Calendar

_____

MARIAN S. A. TIPP,

Plaintiff-Appellant,

*versus*

JPMC SPECIALTY MORTGAGE, LLC,
JP MORGAN CHASE BANK, N.A.,
CHASE HOME FINANCE, LLC,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Alabama

D.C. Docket No. 1:20-cv-00317-TFM-N

———————————————

Before JORDAN, BRASHER, and ABUDU, Circuit Judges.

PER CURIAM:

Marian Tipp, proceeding *pro se*, appeals the district court's (1) grant of summary judgment based on *res judicata* and (2) pre-filing injunction for future lawsuits of the same nature. Ms. Tipp argues that her due process rights were violated when the court denied her rights to a family property lost in foreclosure to appellees—various JP Morgan Chase ("JPMC") entities—during the Great Recession. We affirm.

## I

## A

In 2009, JPMC executed a foreclosure sale of the subject Alabama property—then owned by Ms. Tipp's sister, Carolyn Sims—at which it became the new owner. As the new owner, JPMC filed an ejectment action against Ms. Sims in the Circuit Court of Mobile County, Alabama. Ms. Sims then executed and recorded a quitclaim deed purporting to convey the property to Ms. Tipp. With aid of counsel, Ms. Tipp attempted to intervene in the ejectment action, raising claims against JPMC for wrongful foreclosure, slander of title, trespass, and trespass to chattels. The state court dismissed her claims. JPMC subsequently voluntarily dismissed the ejectment action without prejudice upon learning that the property had been vacated.

Ms. Tipp has promised to "fight this until the day [she] die[s] or Jesus comes." D.E. 68 at 20. Keeping true to her word, Ms. Tipp has litigated, with JPMC on the other side, her purported interest in the subject property virtually nonstop since 2009. Along the way, Alabama's state courts—including the Alabama Supreme Court—have ruled against her several times. *See Marian Tipps v. J.P. Morgan Chase Bank, N.A., et al.*, Case No. CV-2011-0139 (Ala. Cir. Ct. Sep. 16, 2011) (granting defendants' motion for summary judgment), *aff'd*, 156 So. 3d 997 (Ala. 2013); *Marian Tipps* v. *JPMC Specialty Mortgage LLC*, Case No. CV-2018-000165 (Ala. Cir. Ct. Aug. 7, 2018) (granting defendant's motion to dismiss with prejudice), *aff'd*, 312 So. 3d 2 (Ala. 2019), *cert denied* 140 S. Ct. 1124 (2020).

After Ms. Tipp initiated this federal action, the Alabama Supreme Court affirmed a permanent injunction prohibiting her from filing future lawsuits regarding the subject property. *See Tipp v. JPMC Specialty Mortg., LLC*, 367 So. 3d 357, 364 (Ala. 2021) ("Tipp has pursued litigation against JPMC related to the foreclosure of the Grand Bay property almost continuously since 2009. The trial courts considering her claims have consistently entered judgments against her and have repeatedly explained that her claims have no merit. On multiple occasions, this Court has affirmed those judgments. As we have done before, we now affirm the judgment entered in favor of JPMC on the claims Tipp has asserted against it. We also uphold the permanent injunction entered by the trial court barring Tipp from reasserting the same or similar claims in the future.").

**B**

This is another case in the long line of Ms. Tipp's failed law-suits related to the 2009 foreclosure of the subject property. This time, Ms. Tipp filed a 60-page complaint against a number of JP Morgan Chase entities titled "Declaratory Judgment Action to Re-cover Possession of Property." D.E. 1. In it, she alleges that JPMC (1) denied her due process under the Fifth and Fourteenth Amend-ments, (2) violated the National Bank Act, (3) violated the civil pro-visions of the RICO Act, (4) committed common-law fraud and conspiracy, (5) committed trespass, and (6) improperly executed foreclosure proceedings as an unregistered foreign corporation.

JPMC moved for summary judgment on *res judicata* grounds and filed for Rule 11 sanctions to obtain a pre-filing injunction against Ms. Tipp. A magistrate judge, after holding a hearing, is-sued a report recommending that both motions be granted. The district court adopted the report and overruled Ms. Tipp's objec-tions. The district court enjoined Ms. Tipp from filing "any law suits related to the 2009 foreclosure of the property at 11101 Ben Hamilton Road, Grand Bay, Alabama, and the litigation it gener-ated, without obtaining prior leave of this Court." D.E. 76 at 2.[1]

---

[1] The full text of the injunction reads:

> Marian S.A. Tipp is hereby **ENJOINED** as follows:
>
> Marian S.A. Tipp shall not file any law suits related to the 2009 for-closure of the property at 11101 Ben Hamilton Road, Grand Bay, Ala-bama, and the litigation it generated, without obtaining prior leave of this Court. This limitation shall extend beyond these Defendants to any of their affiliates and apply to suits filed in either state or federal court. In order to acquire leave of Court, Tipp must file a petition

This appeal followed.

## II

Because *res judicata* determinations are pure questions of law, we review them *de novo*. *See Norfolk S. Corp. v. Chevron, U.S.A., Inc.*, 371 F.3d 1285, 1288 (11th Cir. 2004). "*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). Nevertheless, when an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, she is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *See Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014).

Rather than directly challenge the district court's order on appeal, Ms. Tipp has chosen to largely argue the merits of her claims. Consequently, she has abandoned most of her challenge to the district court's application of *res judicata*. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008). As to the pre-filing injunction, Ms. Tipp abandoned her challenge altogether. What follows then is an abbreviated *res judicata* analysis.

---

demonstrating that (1) the suit to be filed is not barred by *res judicata*; and (2) the court has subject-matter jurisdiction. These restrictions do not apply to any further filings in this suit or an appeal from this case. This injunction does not apply to an appeal from this case.

D.E. 76 at 2.

When a federal court "is asked to give *res judicata* effect to a state court judgment, it must apply the '*res judicata* principles of the law of the state whose decision is set up as a bar to further litigation.'" *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985) (quoting *Hernandez v. City of Lafayette,* 699 F.2d 734, 736 (5th Cir.1983)).  Here, that state is Alabama.  And in Alabama, the "elements of *res judicata* are (1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998).  If all four elements are met, "then any claim that was, *or that could have been*, adjudicated in the prior action is barred from further litigation." *Id*. (emphasis added).[2]

Construing Ms. Tipp's brief broadly, she challenges only the district court's application of the first two elements of *res judicata*. Ms. Tipp argues that because JPMC voluntarily dismissed the 2009 ejectment action (in which her claims were dismissed), that case was not a judgment on the merits issued by a court of competent jurisdiction.  *See, e.g.*, Appellant's Br. at 49.  Alternatively, Ms. Tipp appears to argue that, because JPMC never acquired proper title in the first place, the 2009 ejectment action was "a nullity."  *Id.*

The problem for Ms. Tipp is that even if we set aside the 2009 ejectment action, she still has two other adverse judgments on the merits—both of which have been affirmed by the Alabama

---

[2] The magistrate judge and the district court applied Alabama cases on *res judicata*.

Supreme Court.   Looking at her 2011 lawsuit alone, the Circuit Court of Mobile County, Alabama, entered summary judgment in favor of JPMC on all of Ms. Tipp's claims.   In that case, Ms. Tipp alleged (1) wrongful foreclosure, (2) slander of title, (3) trespass, (4) trespass to chattel, and (5) fraud on the court, and sought a declaratory judgment that she was the lawful owner of the subject property.   Ms. Tipp does not point to any evidence, nor is there any reason to believe, that Alabama's courts lacked jurisdiction to enter judgments on the merits regarding the ownership of property in Alabama.

### III

We affirm (1) the district court's order granting summary judgment in favor of JPMC on *res judicata* grounds and (2) the imposition of a pre-filing injunction against Ms. Tipp.

**AFFIRMED.**