[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11076

Non-Argument Calendar

_____

D.C. Docket No. 1:19-CV-00122-LAG

DEMETRIUS RASHARD LUKE,

Plaintiff-Appellant,

versus

JAMEEL GULLEY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(September 15, 2020)

Before WILLIAM PRYOR, Chief Judge, BRANCH and FAY, Circuit Judges.

WILLIAM PRYOR, Chief Judge:

Demetrius Luke appeals from the dismissal of his complaint against Officer

Jameel Gulley for malicious prosecution under the Fourth Amendment. Luke's

complaint alleges that Gulley intentionally and falsely accused him of killing John Joseph Lewis. This accusation led to Luke's arrest and prosecution on a state charge of felony murder. After Luke agreed to testify against several codefendants in the prosecution, the state trial court granted the prosecutor's motion to dismiss the charges against Luke. The district court in this later suit concluded that Luke's state prosecution did not terminate in his favor because he compromised with the district attorney to secure the dismissal, and it dismissed Luke's complaint. We disagree. We are required to view Luke's complaint in the light most favorable to him. And after resolving all reasonable inferences in his favor, we cannot conclude that the dismissal in the criminal proceedings was necessarily inconsistent with Luke's innocence on the charge of felony murder, so Luke has alleged that he received a favorable termination. We vacate and remand.

## I. BACKGROUND

According to Luke's complaint, in March 2017, Lewis and two other individuals perpetrated a drive-by shooting of a cookout that Luke attended. Unarmed and unable to respond, Luke dove to the ground for safety. During the course of the shooting, Luke did not encourage others to fire at the vehicle. Still, Lewis was shot and killed during the shooting.

Notwithstanding Luke's inaction, Gulley sought a warrant to arrest Luke on a charge of felony murder. Gulley's warrant affidavit stated that Luke killed Lewis

2

when he shot at Lewis's vehicle. According to the affidavit, Gulley reached this conclusion based on a statement from an eyewitness. But Gulley had no eyewitness. Nor did he have any evidence that Luke fired a weapon at Lewis. Indeed, Gulley knew that his accusation against Luke and the allegations in his warrant affidavit were false.

The arrest warrant issued, and Luke was arrested. Luke remained in jail from March until May 2017. Six months after Luke was released, a grand jury indicted him for felony murder, aggravated assault, and other charges. The prosecution against Luke remained pending until the trial court dismissed the charges in May 2018.

After the dismissal, Luke sued Gulley in state court for malicious prosecution under the Fourth Amendment and for false arrest and malicious prosecution under Georgia law. He alleged that Gulley violated his Fourth Amendment rights by knowingly swearing to false facts in the arrest affidavit, which secured his arrest for felony murder.

Gulley removed the suit to federal court and moved to dismiss Luke's complaint. He argued that Luke had not established that the prosecution terminated in his favor, so his claim of malicious prosecution under the Fourth Amendment failed. Gulley attached a copy of the order dismissing the charges against Luke, along with two other documents not at issue in this appeal. That order stated that

3

the prosecutor had made an offer to Luke: if Luke allocuted and testified against other defendants in the prosecution, the prosecutor would move to dismiss the charges against him. The order explained that Luke testified at an allocution hearing and that the prosecutor moved to *nolle prosequi* him. The trial court granted the motion and dismissed the charges against Luke. According to Gulley, the *nolle prosequi* was not a favorable termination because Luke compromised with his accuser to end the prosecution.

Luke objected to Gulley's attempt to expand the record at the pleading stage. He acknowledged that the order dismissing the charges against him was authentic, but he denied that he compromised with the prosecutor to dismiss the prosecution or that any of the material factual assertions in the order were true. Because he disputed the contents of the order, Luke contended that the district court could not consider the document at the pleading stage. And because his complaint alleged only that the trial court dismissed the prosecution against him, Luke contended that he received a favorable termination.

The district court granted Gulley's motion to dismiss the complaint. It concluded that it could consider the order dismissing the prosecution because Luke had conceded that it was an authentic document. It then ruled that Luke had compromised with the prosecutor to end the prosecution and that a termination pursuant to a compromise was not a favorable termination, which was fatal to his

4

claim of malicious prosecution under the Fourth Amendment. The district court dismissed that claim with prejudice and relinquished supplemental jurisdiction over Luke's claims under state law.

## II. STANDARD OF REVIEW

We review *de novo* a dismissal for failure to state a claim. *Echols v. Lawton*, 913 F.3d 1313, 1319 (11th Cir. 2019). "We accept the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

## III. DISCUSSION

Luke contends that Gulley is liable under the Fourth Amendment for malicious prosecution, which is "'shorthand' for a claim of deprivation of liberty pursuant to legal process." *Laskar v. Hurd*, No. 19-11719, slip op. at 26 (11th Cir. Aug. 28, 2020) (quoting *Williams v. Aguirre*, 965 F.3d 1147, 1157 (11th Cir. 2020)). To succeed on this claim, Luke must prove "that he suffered a seizure pursuant to legal process that violated the Fourth Amendment," *id.* at 7, and satisfy "the elements of the common law tort of malicious prosecution," *id.* at 8 (quoting *Williams*, 965 F.3d at 1157). Our recent decisions on malicious prosecution acknowledge that significant overlap exists between these requirements.

5

The common-law elements of malicious prosecution require Luke to establish "that the officials instituted criminal process against him 'with malice and without probable cause' and that the broader prosecution against him terminated in his favor." *Id.* (quoting *Williams*, 965 F.3d at 1157). If a plaintiff establishes that a defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process, he has also established that the defendant instituted criminal process against him with malice and without probable cause. *See Williams*, 965 F.3d at 1162–65. This proof will also satisfy the plaintiff's burden to establish causation. *See id.* at 1167.

We can simplify our standard for malicious prosecution into two elements: the plaintiff must prove (1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in his favor. To establish that Gulley violated his Fourth Amendment right to be free from seizures pursuant to legal process, Luke must establish "that the legal process justifying his seizure was constitutionally infirm" and "that his seizure would not otherwise be justified without legal process." *Id.* at 1165. As relevant to this appeal, Luke can satisfy this burden by proving that Gulley "intentionally or recklessly made misstatements or omissions necessary to support the warrant" that justified his seizure. *Id.* To establish that that the prosecution terminated in his favor, Luke must prove that

6

"the prosecution against him formally ended in a manner not inconsistent with his innocence on at least one charge that authorized his confinement." *Laskar*, slip op. at 28. A formal end to criminal proceedings is favorable unless it "precludes any finding that the plaintiff was innocent of the charges that justified his seizure," which occurs only when "the prosecution ends in the plaintiff's conviction on or admission of guilt to each charge that justified his seizure." *Id.*

Gulley maintains that Luke did not receive a favorable termination. He contends that the district court correctly considered the dismissal order of the trial court as part of the pleadings and that the order states that Luke compromised with the prosecutor to end the criminal proceedings. This compromise is fatal according to Gulley, who argues that proceedings cannot terminate in favor of the criminal defendant when the termination is the product of compromise.

We agree with Gulley that the district court correctly incorporated the dismissal order into Luke's complaint. "Under the doctrine of incorporation by reference, we may also consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." *Hi-Tech Pharms., Inc. v. HBS Int'l Corp.*, 910 F.3d 1186, 1189 (11th Cir. 2018). Although Luke contests whether he actually agreed to any compromise, he does not dispute that his complaint refers to the dismissal order, that the dismissal is central to his claim, or that the order is authentic. Thus, the

7

district court did not err when it considered the order. *See Fuller v. SunTrust Banks, Inc.*, 744 F.3d 685, 696 (11th Cir. 2014) ("A document is considered undisputed when the authenticity of the document is not challenged." (internal quotation marks omitted)), *abrogated in part on other grounds by Tibble v. Edison Int'l*, 575 U.S. 523 (2015).

But we disagree with Gulley's argument that Luke did not receive a favorable termination. Even though we consider the dismissal order, we must construe the order in the light most favorable to Luke and resolve all reasonable inferences in his favor. *St. George v. Pinellas Cnty.*, 285 F.3d 1334, 1337 (11th Cir. 2002). And when placed in that light, the order does not eliminate every reasonable inference that Luke received a favorable termination.

Luke has alleged that his prosecution formally ended when the trial court dismissed all charges against him, so he will satisfy the requirement unless the prosecution terminated with his "conviction on or admission of guilt to each charge that justified his seizure." *Laskar*, slip op. at 28. The warrant that justified his pretrial detention rested on Gulley's accusation that he was guilty of felony murder. So to be "unfavorable," the dismissal must rest on Luke's admission of guilt to that charge.

Even after we incorporate the dismissal order, Luke's complaint does not eliminate every reasonable inference that he did not admit that he was guilty of

8

felony murder. The dismissal order states that the prosecutor offered to move to dismiss the charges against Luke if Luke "would allocute and provide testimony against the remaining defendants." It also states that Luke testified at the ensuing allocution hearing. But the order does not describe whether the deal required Luke to allocute to the felony-murder charge, much less whether he actually did so. Because the complaint alleges that Luke was indicted on several other unspecified charges in addition to felony murder, we do not know whether Luke admitted that he was guilty during the hearing. Because we can reasonably infer that he did not admit to felony murder during the hearing, we must conclude, at this stage, that Luke's complaint alleges that he received a favorable termination.

## IV. CONCLUSION

We **VACATE** the order dismissing Luke's complaint of malicious prosecution against Gulley and **REMAND** for further proceedings.

9