[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-15182
_____

D.C. Docket No. 1:19-cv-00258-TFM-MU


LEWIS ARCHER,
SHEARIE ARCHER,

                                                            Plaintiffs-Appellants,

versus

AMERICA'S FIRST FEDERAL CREDIT UNION,

                                                            Defendant-Appellee.
_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(February 1, 2021)

Before WILLIAM PRYOR, Chief Judge, GRANT and TJOFLAT, Circuit Judges.

GRANT, Circuit Judge:

        After a state court granted America's First possession of the Archers' home,

Lewis and Shearie Archer sued in federal court asserting violations of the Real

Estate Settlement Procedures Act.  But because their claims were fully litigated in

the earlier state court action—or, at least, should have been—the doctrine of res judicata prevents us from giving those issues a second look.

I.

We accept as true all of the Archers' factual allegations in this appeal of a ruling on a motion to dismiss. *Luke v. Gulley*, 975 F.3d 1140, 1143 (11th Cir. 2020). When Lewis and Shearie Archer stopped paying the mortgage on their home, America's First declared the mortgage in default. It attempted to foreclose seven times over nineteen months—a "stressful" and "cruel" exercise that culminated in a foreclosure sale on January 29, 2016. Though their house sold, the Archers refused to leave. The stress had caused Shearie to go into a diabetic coma, which she remained in for seven days.

Because the Archers did not vacate the premises, America's First initiated an ejectment action in the Circuit Court of Mobile County, Alabama. The Archers hired an attorney; they say they told him to bring claims under the Real Estate Settlement Procedures Act in federal court. He never did. But the Archers did raise various Real Estate Settlement Procedures Act allegations as defenses in the state court action. In their initial pleading, they asserted that the foreclosure sale was conducted "contrary to federal law including, but not limited to" the Real Estate Settlement Procedures Act. And in response to America's First's motion for summary judgment, they claimed that America's First engaged in "Dual Tracking"

2

by proceeding with foreclosure during the mortgage modification process. They also argued that America's First failed to notify them of their appeal rights under 12 C.F.R. § 1024.41(f)(1) during the modification process.

The state court nonetheless granted summary judgment for America's First and awarded it possession of the property. The Archers, now proceeding pro se, appealed the order to the Alabama Court of Civil Appeals. That court affirmed the trial court's judgment.

Two weeks later, the Archers commenced this action in federal court. Their claim was "filed pursuant to section 6(f) of" the Real Estate Settlement Procedures Act. They alleged that America's First engaged in "Dual-Tracking," in violation of 12 C.F.R. §§ 1024.41(f)(1)(i) and 1024.41(i). America's First moved to dismiss, arguing that the claims were barred by the Act's three-year statute of limitations and by res judicata. It also argued that any new claims brought under the Act were barred because the Archers failed to raise them as compulsory counterclaims in the earlier action. The district court agreed that the Archers had missed the Act's filing deadline, and dismissed their claims on that basis.

This appeal followed. The Archers contend that the "extraordinary circumstances" of their case warrant equitable tolling of the Act's statute of limitations. America's First disagrees, and also says that the Archers' claims are barred by the doctrine of res judicata either way.

3

II.

We review de novo the district court's grant of a motion to dismiss. *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003). We may affirm the district court's judgment for any reason supported by the record, even if not relied upon by the district court. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008).

III.

When asked to give res judicata effect to a state court judgment, we must apply the res judicata principles of "the state whose decision is set up as a bar to further litigation." *Kizzire v. Baptist Health Sys., Inc.*, 441 F.3d 1306, 1308 (11th Cir. 2006) (quoting *Amey, Inc. v. Gulf Abstract & Title, Inc.*, 758 F.2d 1486, 1509 (11th Cir. 1985)). Because America's First contends that the Alabama state court judgment bars this federal action, the res judicata principles of Alabama apply.

Under Alabama law, the essential elements of res judicata are: "(1) a prior judgment on the merits, (2) rendered by a court of competent jurisdiction, (3) with substantial identity of the parties, and (4) with the same cause of action presented in both actions." *Id.* at 1308–09 (quoting *Equity Res. Mgmt., Inc. v. Vinson*, 723 So. 2d 634, 636 (Ala. 1998)). If those four elements are met, then any claim that was—or could have been—adjudicated in the earlier action is "barred from future litigation." *Id.* at 1309.

4

The first three elements are easily satisfied here.  The trial court's grant of summary judgment, which was affirmed by the Alabama Court of Civil Appeals, clearly constitutes a prior judgment on the merits.  *Ex parte Jefferson County*, 656 So. 2d 382, 385 (Ala. 1995).  There is no doubt that both the Circuit Court of Mobile County and the Alabama Court of Civil Appeals are courts of competent jurisdiction; federal and state courts have concurrent jurisdiction over Real Estate Settlement Procedure Act claims.  *See* 12 U.S.C. § 2614.  And, of course, the parties in this action and in the ejectment action are the same—they have simply switched places.

That leaves us with the question of whether it was the "same cause of action" in both actions.  Alabama uses the "substantial evidence" test to answer this question.  *Kizzire*, 441 F.3d at 1309.  If the same evidence substantially supports both actions, this element is met.  *Id.*  Res judicata applies not just to the precise legal theories advanced in the earlier case, but to "*all legal theories and claims* arising out of the same nucleus of operative facts."  *Id.* (quoting *Old Republic Ins. Co. v. Lanier*, 790 So. 2d 922, 928 (Ala. 2000)).

Both the state and federal court actions concerned the same nucleus of operative facts.  In state court, America's First sought possession of the Archers' home based on the foreclosure sale; the Archers defended by saying that the foreclosure sale was void under the Real Estate Settlement Procedures Act.  The

5

Archers also argued that America's First failed to provide the proper notifications and that America's First engaged in "Dual Tracking." Then, in federal court, the Archers' newly filed claims again centered on the foreclosure of their home. The couple alleged that America's First failed to provide the proper notifications and violated "Dual-Tracking protection laws" when it foreclosed on their home. Indeed, most of the facts and allegations from their present complaint came from their various state court filings. Each of their arguments in federal court arise from the exact same transaction and occurrence as that of the earlier litigation.

There is no question that the Archers' federal complaint attempts to raise claims arising out of the same operative facts as the state court action. *Kizzire*, 441 F.3d at 1309. And because the same evidence "substantially supports" both suits, all four elements of res judicata are met. *Id.* at 1310. Though the Archers may not have raised the exact same claims in each suit, the legal theories in both arise out of the same nucleus of operative facts. In these circumstances, permitting the Archers to proceed would be giving them a second bite at the apple, which we cannot do.[1]

The Archers devote two sentences of their initial brief to arguing that the district court violated the "Supremacy Clause" when it refused to stay the Alabama

---

[1] Because we hold that the Archers' claims were barred by res judicata, we need not consider whether they were also barred by the Real Estate Settlement Procedure Act's statute of limitations.

court's writ of possession while their case was ongoing.  But the Archers provide no additional support for the idea that a district court might have the power to collaterally review a state court judgment regarding the validity of a foreclosure proceeding.  This argument was not fully briefed, so it is abandoned.  *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

*    *    *

Because the Archers' complaint raises claims that arise out of the same nucleus of operative fact as the earlier state court action, the doctrine of res judicata bars their claims.  For that reason, we **AFFIRM** the judgment of the district court.

7