[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-14190

Non-Argument Calendar

_____

SERGEANT NATHAN D. CRISP,

                                                              Plaintiff-Appellant,

*versus*

THE STATE OF GEORGIA,

GWINNETT COUNTY,

MS. TOOLE,

Gwinnett County Assistant District Attorney,

TUWANDA RUSH WILLIAMS,

Gwinnett County Law Office,

WARREN DAVIS,

Gwinnett County Superior Court Judge, et al.,

Defendants-Appellees.

——————————————

Appeal from the United States District Court
for the Northern District of Georgia
D.C. Docket No. 1:21-cv-00175-AT

——————————————

Before WILSON, LUCK, and MARCUS, Circuit Judges.

PER CURIAM:

Nathan Dee Crisp, proceeding *pro se*, appeals following the dismissal of his civil complaint, which brought claims arising out of his arrest for impersonating a public officer or employee in violation of Ga. Code Ann. § 16-10-23. On appeal, Crisp challenges: (1) the district court's dismissal of his action against Gwinnett County and the State of Georgia on sovereign immunity and Eleventh Amendment immunity grounds; and (2) the district court's dismissal of his action as to four remaining defendants for failing to state a claim upon which relief can be granted, in part, based on *Heck v. Humphrey*, 512 U.S. 477 (1994).[1] After careful review, we affirm.

——————————

[1] Crisp does not expressly challenge the district court's dismissal, without prejudice, of this action as to seven other defendants, for failing to effectuate service. As a result, Crisp has forfeited any claim against these defendants. *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (holding that while we liberally construe *pro se* pleadings, issues not briefed on appeal are normally

I.

The relevant background is this.  In 2017, Crisp was arrested by Gwinnett County, Georgia police officers for impersonating a public officer or employee and charged with violating Ga. Code Ann. § 16-10-23.  In 2018, a Gwinnett County grand jury indicted him for the same.  The charges were brought by Daniel J. Porter, the former Gwinnett County District Attorney, and Assistant District Attorney Ramona Toole prosecuted the case.  Crisp's case was assigned to Gwinnett County Superior Court Judge Warren Davis.

While his criminal case was pending, Crisp sued Porter, Gwinnett County, and the officers who arrested him in federal court.  The civil lawsuit, which alleged several constitutional violations, was assigned to United States District Court Judge Eleanor Ross, who stayed the civil case pending the outcome of Crisp's state court criminal case under the *Younger* abstention doctrine.[2]

---

deemed abandoned and will not be considered); *see also Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014) (explaining that an appellant can abandon a claim by: (1) making only passing reference to it, (2) raising it in a perfunctory manner without supporting arguments and authority, (3) referring to it only in the "statement of the case" or "summary of the argument," or (4) referring to the issue as mere background to the appellant's main arguments).

[2] *Younger v. Harris*, 401 U.S. 37 (1971).

Crisp later sought mandamus relief from the Supreme Court of Georgia, invoking the original jurisdiction of that Court. Assistant Attorney General Brittanie Browning from the Georgia Attorney General's Office represented Judge Davis before the Georgia Supreme Court. In this capacity, Browning wrote the Clerk of the Supreme Court of Georgia and notified the Court of this representation and argued that the petition should be dismissed. The Georgia Supreme Court agreed and dismissed Crisp's petition for mandamus relief shortly thereafter.

Crisp eventually entered into a negotiated guilty plea to the felony charge of impersonating an officer. Judge Laura Tate, who was sitting by designation for Judge Davis on the state trial court, sentenced Crisp under Georgia's First Offender Statute to three years of probation.

After pleading guilty, Crisp brought the present *pro se* "Class Action" complaint in federal court, against thirteen defendants: the State of Georgia ("the State"); Gwinnett County ("the County"); Judge Davis; Gwinnett County Assistant District Attorney Toole; Georgia Assistant Attorney General Browning; Porter, the former Gwinnett County District Attorney; Judge Ross; Tuwanda Rush Williams and David D. Pritchett of the Gwinnett County Law Office; Gwinnett County Magistrate Judge Kenneth A. Parker; Clerk of Gwinnett County Superior Court Richard Alexander; Judge Tate; and a Gwinnett County Magistrate Judge Keith Miles.

The district court dismissed all of Crisp's claims. Relevant here, the district court dismissed Crisp's claims against the State of

Georgia and Gwinnett County on the basis of sovereign immunity and Eleventh Amendment immunity.  As for four other defendants -- Georgia Assistant Attorney General Browning, former Gwinnett County District Attorney Porter, Officer Williams and Judge Davis -- the district court dismissed Crisp's claims for failing to state a claim upon which relief can be granted, in part, because *Heck v. Humphrey* and various immunities barred his action.

This timely appeal follows.

II.

Where appropriate, we review *de novo* the grant of a motion to dismiss based on a state's Eleventh Amendment immunity. *In re Employ't Discrimination Litig. Against State of Ala.*, 198 F.3d 1305, 1310 (11th Cir. 1999).  Determinations of sovereign immunity are questions of law that we review *de novo*.  *Nat'l Ass'n of Boards of Pharmacy v. Bd. of Regents of the Univ. Sys. of Georgia*, 633 F.3d 1297, 1313 (11th Cir. 2011).

We also review *de novo* a grant of a motion to dismiss, under Fed. R. Civ. P. 12(b)(6), for failure to state a claim.  *Glover v. Liggett Grp., Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006).  We accept the allegations in the complaint as true and construe them in the light most favorable to the plaintiff.  *Id.*  We may affirm the district court on any basis that the record supports.  *See Devengoechea v. Bolivarian Republic of Venezuela*, 889 F.3d 1213, 1220 (11th Cir. 2018).  Likewise, we review *de novo* whether an official is entitled to absolute immunity or judicial immunity.  *Stevens v. Osuna*, 877

F.3d 1293, 1301 (11th Cir. 2017); *Smith v. Shook*, 237 F.3d 1322, 1325 (11th Cir. 2001). And we review a ruling concerning official immunity under Georgia state law *de novo* as well. *See Bailey v. Wheeler, 843 F.3d 473, 480 (11th Cir. 2016)*. Finally, we review *de novo* a dismissal for failure to state a claim based on qualified immunity. *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003).

## III.

First, the district court did not err in dismissing Crisp's claims against the State of Georgia and Gwinnett County on the basis of sovereign immunity and Eleventh Amendment immunity. Eleventh Amendment immunity bars suits by private individuals against a state in federal court unless the state has consented to be sued, has waived its immunity, or Congress has abrogated the state's immunity. *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363–64 (2001). "Although, by its terms, the Eleventh Amendment does not bar suits against a state in federal court by its own citizens, the Supreme Court has extended its protections to apply in such cases." *Abusaid v. Hillsborough Cnty. Bd. of Cnty. Comm'rs*, 405 F.3d 1298, 1303 (11th Cir. 2005). Georgia has not waived "any immunity with respect to actions brought in the courts of the United States." Ga. Code Ann. § 50-21-23(b). And § 1983 does not override states' Eleventh Amendment immunity, meaning that "if a § 1983 action alleging a constitutional claim is brought directly against a State, the Eleventh Amendment bars a federal court from granting any relief on that claim." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 120 (1984).

The State of Georgia is afforded sovereign immunity from suit, which "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. art. I, § II, ¶ IX(e). This sovereign immunity also applies to Georgia's counties. *Gilbert v. Richardson*, 452 S.E.2d 476, 479 (Ga. 1994); *see also* Ga. Code Ann. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.").

In 2020, the Georgia Constitution was amended to waive sovereign immunity to permit certain actions for declaratory and equitable relief. *See* Ga. Const. Art. I, § II, ¶ V (b)(1).

> Sovereign immunity is hereby waived *for actions in the superior court* seeking declaratory relief from acts of the state or any agency, authority, branch, board, bureau, commission, department, office, or public corporation of this state or officer or employee thereof or any county, consolidated government, or municipality of this state or officer or employee thereof outside the scope of lawful authority or in violation of the laws or the Constitution of this state or the Constitution of the United States. Sovereign immunity is further waived so that a court awarding declaratory relief pursuant to this Paragraph may, only after awarding declaratory relief, enjoin such acts to enforce its judgment. *Such waiver of sovereign immunity under this Paragraph shall apply to past, current, and prospective acts which occur on or after January 1, 2021.*

*Id.* (emphases added).

Georgia law also waives sovereign immunity for certain tort suits against state officers and employees committed in the scope of their employment under Ga. Code Ann. § 50-21-23, while a later statute provides that the procedure established under the Georgia Tort Claims Act ("GTCA") provides "the exclusive remedy for any tort committed by a state officer or employee." *Id.* § 50-21-25(a). The GTCA provides immunity to a "state officer or employee who commits a tort while acting within the scope of his or her official duties or employment." *Id.*

Here, the district court properly found that Eleventh Amendment and sovereign immunity precluded Crisp from pursuing claims against the State of Georgia and Gwinnett County unless they consented to suit, or their immunity was validly abrogated. *Garrett*, 531 U.S. at 363–64.[3] But neither party consented to be sued here. Ga. Code Ann. § 50-21-23(b); *Gilbert*, 452 S.E.2d at 479. And § 1983 does not abrogate immunity here either. *Pennhurst State*, 465 U.S. at 120.

Crisp claims that the Georgia Constitution was amended to waive sovereign immunity, but he misreads the text of the

---

[3] Crisp arguably has abandoned any argument challenging the dismissal of his claims against the County since his brief does not specifically dispute the district court's reasons for dismissal of that entity in a meaningful fashion. *Sapuppo*, 739 F.3d at 681–82. But, for completeness's sake, we will assume that Crisp implicitly preserved the issue as to both the State and the County.

amendment, which limits the waiver in several ways, including to "actions in the superior court" concerning acts that "occur on or after January 1, 2021." Ga. Const. Art. I, § II, ¶ V (b)(1). Since he did not bring this suit in the state superior court, and since the challenged acts all predate January 1, 2021, the amendment does not waive sovereign immunity or Eleventh Amendment immunity here. *Id.* Further, as the district court found, Crisp failed to comply with the requirements of the GTCA and other state procedures, so the state claims were properly dismissed on that ground too.

In short, the district court did not err in holding that sovereign immunity and Eleventh Amendment immunity barred Crisp's claims as to the State and the County, and we affirm in this respect.

IV.

Nor did the district court err in dismissing Crisp's remaining claims against defendants Browning, Williams, Davis or Porter for failure to state a claim upon which relief can be granted. To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Section 1983 provides a cause of action for private citizens against persons acting under color of state law for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. In

order to recover damages for an allegedly unconstitutional conviction or for other harm caused by actions whose unlawfulness would render a conviction invalid in a § 1983 action, however, a plaintiff must show that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486–87 (applying this framework to a § 1983 suit seeking monetary and punitive damages).

If this type of § 1983 action is brought *before* the challenged conviction is invalidated, it must be dismissed under *Heck*. *Id.* at 487. Thus, the district court considers whether a favorable judgment for the plaintiff would "necessarily imply the invalidity of his conviction . . . ." *Id.* If the outcome would imply invalidity, then the plaintiff's complaint must be dismissed unless the plaintiff can establish that the conviction was already invalidated. *Id.*

In *Dyer v. Lee*, 488 F.3d 876 (11th Cir. 2007), we clarified that for *Heck* to apply, a successful § 1983 suit and the underlying conviction must be so logically contradictory that the § 1983 suit would negate the conviction. *See id.* at 879–80, 884. Thus, we ask whether "it is *possible* that the facts could allow a successful § 1983 suit and the underlying conviction both to stand without contradicting each other." *Harrigan v. Metro Dade Police Dep't Station #4*, 977 F.3d 1185, 1193 (11th Cir. 2020) (quotation marks omitted). The *Heck* doctrine only applies when the "invalidation of a

conviction or speedier release would . . . automatically flow from success on the § 1983 claim." *Id.* (quotation marks omitted).

To succeed on a malicious prosecution claim in a 42 U.S.C. § 1983 action, the plaintiff must show: "(1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in his favor." *Luke v. Gulley*, 975 F.3d 1140, 1144 (11th Cir. 2020). To satisfy the first prong, the plaintiff must establish "that the legal process justifying his seizure was constitutionally infirm" and "that his seizure would not otherwise be justified without legal process." *Id.* (quotation marks omitted).

Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction. *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Judges are also generally immune from injunctive and declaratory relief unless (1) a declaratory decree was violated or (2) declaratory relief is unavailable. *Bolin*, 225 F.3d at 1242. A judge enjoys immunity for judicial acts even if she

made a mistake, acted maliciously, or exceeded her authority. *McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018).

Prosecutors are absolutely immune from liability for damages for activities that are intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976). Prosecutorial immunity extends to all actions that the prosecutor takes while performing her function as an advocate for the government. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1279 (11th Cir. 2002). Absolute immunity can cover "even wrongful or malicious acts by prosecutors." *Hart v. Hodges*, 587 F.3d 1288, 1298 (11th Cir. 2009).

Under Georgia law, county law enforcement officers acting within the scope of their authority are entitled to official immunity from personal liability for the alleged negligent performance of their duties. *Phillips v. Hanse*, 637 S.E.2d 11, 12 (Ga. 2006); *Everson v. Dekalb Cnty. Sch. Dist.*, 811 S.E.2d 9, 11–12 (Ga. Ct. App. 2018); *see* Ga. Const. Art. I, § II, ¶ IX(d). Officers may be held personally liable in tort, however, for actions "performed with malice or an intent to injure." *Cameron v. Lang*, 549 S.E.2d 341, 344–46 (Ga. 2001).

Government officials performing discretionary functions are generally shielded from liability for civil damages in § 1983 actions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The qualified immunity analysis involves a two-part inquiry. *Hadley v.*

*Gutierrez*, 526 F.3d 1324, 1329 (11th Cir. 2008). The first question is whether the facts, taken in the light most favorable to the party asserting the injury, show the violation of a constitutional or statutory right. *Id.* The second question is whether the constitutional or statutory right was clearly established. *Id.* In determining whether a constitutional right is clearly established, the relevant, dispositive inquiry is "whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Terrell v. Smith*, 668 F.3d 1244, 1255 (11th Cir. 2012) (quotation marks omitted).

In this case, the district court did not err in concluding that *Heck* squarely barred Crisp's claims. Crisp's complaint alleged that his underlying state convictions, as well as his prior federal proceedings, were, in fact, part of a conspiracy against him that punished him for lawful conduct. Thus, his suit was logically contradictory to his state conviction, and necessarily asked the district court to negate the conviction. *Dyer*, 488 F.3d at 879–80, 884; *Harrigan*, 977 F.3d at 1193. Moreover, Crisp explicitly requested that the district court "overturn entirely all orders by State Court Judges in [his criminal case] and Judge Ross['s orders in his federal case] as null and void." *Heck* therefore barred Crisp's claims against most, if not all, the remaining defendants. *Heck*, 512 U.S. at 487.

But even if Crisp's claims were not barred by *Heck*, the district court correctly concluded that the remaining defendants were entitled to immunity. For starters, Crisp's complaint and brief on appeal make clear that his claims against Judge Davis arose from

his judicial capacity. *See Sibley*, 437 F.3d at 1070. As for Crisp's requested injunctive and declaratory relief, Crisp does not argue that (1) a declaratory decree was violated or (2) declaratory relief was unavailable, and therefore his requests are also barred. *Bolin*, 225 F.3d at 1242. Thus, Judge Davis was entitled to judicial immunity, and the district court correctly dismissed Crisp's claims against him. *Id.* at 1239.

Likewise, the district court properly concluded that Williams, Porter, and Browning were entitled to absolute prosecutorial immunity. Crisp's claims against Williams stem from his allegations that she largely failed to act and lied to the court during her work at the Gwinnett County Law Office. While Crisp's complaint was largely unclear as to what Williams specifically did to harm him, *Iqbal*, 556 U.S. at 678, prosecutorial immunity extends to these types of actions -- *i.e.*, those taken while performing her function as an advocate for the government. *Rowe*, 279 F.3d at 1279.

Porter is also protected by prosecutorial immunity because Crisp's claims against him were based on his role as the district attorney, bringing charges on behalf of the state. *Hart*, 587 F.3d at 1298. Similarly, Browning was performing a job-related function when she represented Judge Davis in front of the Georgia Supreme Court, and Crisp has abandoned any argument that Browning's acts as an advocate for Judge Davis might not entitle her to the same absolute immunity as enjoyed by a government prosecutor. *See Sapuppo*, 739 F.3d at 681–82.

To the extent that any claims survive these immunities, the state-law claims against these defendants were also barred by official immunity because Crisp did not plausibly allege that any of them acted with malice or an intent to injure him. *Cameron*, 549 S.E.2d at 344–46; *Iqbal*, 556 U.S. at 678.

Finally, the district court correctly concluded that any remaining federal claims were barred by qualified immunity. Crisp's complaint describes a relatively straightforward criminal prosecution, which, even if done with malice, does not violate clearly established law. *Harlow*, 457 U.S. at 818. Crisp does not, and could not, show that "it would be clear to a reasonable officer that [this] conduct was unlawful in [this] situation." *Terrell*, 668 F.3d at 1255.

Accordingly, we conclude that the district court properly dismissed Crisp's complaint in its entirety, and we affirm.

**AFFIRMED.**