[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-13015

Non-Argument Calendar

_____

TYE HILMO,

                                                    Plaintiff-Appellant,

*versus*

ERICA JACKSON,
COURTNEY VINSON,
in their individual capacities,

                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

D.C. Docket No. 2:20-cv-00292-RWS

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

The terms of Tye Hilmo's probation required him to comply with the law.  After he was caught driving under the influence, his probation officer, Erica Jackson, obtained a warrant for his arrest to revoke his probation.  But Jackson missed one key detail: Hilmo's probation had already expired.  Rather than reviewing the underlying sentencing documents and confirming that Hilmo was still on probation, she instead relied on a (miscalculated) end date in the Department of Community Supervision's computer system.  So Hilmo spent over a month in jail for a probation violation even though he was no longer on probation.

Hilmo now sues Jackson for violating 42 U.S.C. § 1983 by depriving him of his Fourth Amendment right to be free from malicious prosecution.  Jackson, in turn, asserts qualified immunity.  The district court granted summary judgment for Jackson.

An officer violates the Fourth Amendment when she intentionally or recklessly misrepresents a fact necessary to support an arrest warrant.  Negligent misrepresentation is not enough—even if it leads to unlawful detention like it did here.  Jackson's claim for qualified immunity turns on whether the line between

recklessness and negligence is clearly established. We conclude that it is not. All parties—and this Court—agree that Jackson violated the Department's policies and acted carelessly in obtaining the warrant for Hilmo's arrest. But despite this inexcusable mistake, Jackson did not violate a clearly established constitutional right, so we affirm the grant of summary judgment.

## I.

In 2015, Hilmo pleaded guilty to several misdemeanors—including driving under the influence—and received a sentence of eight months of incarceration followed by about four years of probation. With credit for time served between his arrest and sentencing, his probation expired on December 20, 2018. Over six months later, Hilmo was arrested again for driving under the influence. He quickly posted a bond and was released.

The day after his second arrest, the Department of Community Supervision—which managed Hilmo's probation—received the county jail logs reflecting that Hilmo was arrested. Had Hilmo still been on probation, his second arrest would have violated the condition that he comply with all criminal laws. The community supervision officer assigned to his case was Erica Jackson. She had only been assigned to Hilmo's case for about a week at that point and had never met or spoken with him. When she saw that Hilmo had been arrested, she checked the Department's electronic "portal" listing each probationer's probation end date, which incorrectly reflected that Hilmo *was* still on probation. So she prepared and signed a probation violation arrest warrant application. The Department's assistant chief

reviewed and approved the application—without independent investigation—and a judge issued the warrant.

A week later, Hilmo was arrested on the warrant. He sat in jail for over a month until his hearing. When his hearing finally came, the Department realized its mistake and released Hilmo.

How did this happen? When Jackson prepared the warrant application, she says she relied only on the probation expiration date listed in the Department's computer system. When Hilmo's probation began, an unknown officer incorrectly calculated his end date by not including the required credit for time served. So when Jackson attempted to verify that Hilmo was still on probation, she saw that his probation expired in January 2020, which would have meant that he was still subject to his probation conditions.

The Department's policies mandated that Jackson verify that the date was correct by reviewing the underlying sentencing documents. Despite this, she says that no one informed her she needed to independently verify the date. Jackson gives three reasons for not checking the sentencing documents. First, she believed that the dates were accurate because the state had just completed a statewide verification process. Second, she trusted that this specific date was accurate because she received the case from an officer that had just been promoted. And third, the case notes showed that Hilmo's previous officer had been trying to change his status to "unsupervised," which she understood to require a verification of his end date.

The Department's computer system prompted Jackson to confirm that she had verified the computation before she sought the warrant. And after submitting the application she wrote in the case notes: "Warrant submitted for approval. End date verified. Defendant had no credit for time to be put in." Jackson testified that in that statement she was referring to her review of the "portal" and prior case notes, not communicating that she reviewed the underlying sentencing documents.

Hilmo sued Jackson for violating 42 U.S.C. § 1983 by depriving him of his Fourth Amendment rights.[1] At the close of discovery, the district court granted Jackson's motion for summary judgment. Hilmo now appeals, and we affirm.

## II.

We review the district court's order granting summary judgment de novo. *Hardigree v. Lofton*, 992 F.3d 1216, 1223 (11th Cir. 2021). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Id.* (quoting Fed. R. Civ. P. 56(a)). We view the evidence in the light most favorable to Hilmo, the nonmoving party. *Id.*

---

[1] Hilmo also brought an illegal seizure claim against Community Supervision Officer Courtney Vinson and claims for unlawful extension of probation against Jackson and Vinson. Hilmo's appeal is limited to the district court's order granting summary judgment for Jackson on the illegal seizure claim.

### III.

Qualified immunity "protects government officials who are sued under § 1983 for money damages in their individual capacities." *Id.* Jackson is entitled to qualified immunity in the exercise of her discretionary authority "unless (1) she violated one or more constitutional rights and (2) it was clearly established at the time that her specific actions did so." *Harris-Billups ex rel. Harris v. Anderson*, 61 F.4th 1298, 1302 (11th Cir. 2023) (quotations omitted and alteration adopted). Hilmo does not dispute that Jackson acted within her discretionary authority, so the burden shifts to Hilmo to show that qualified immunity is not appropriate. *Powell v. Snook*, 25 F.4th 912, 920 (11th Cir. 2022).

Jackson can show that a constitutional right was clearly established by showing that it is "sufficiently clear that a reasonable official would understand that what [she] is doing violates that right." *Washington v. Rivera*, 939 F.3d 1239, 1245 (11th Cir. 2019) (quotation omitted). It is not enough to show that an abstract right is clearly established—the inquiry focuses on whether the defendant's particular conduct infringes that right. *Id.* "If case law, in factual terms, has not staked out a bright line, qualified immunity almost always protects the defendant." *Powell*, 25 F.4th at 921. (quotation omitted). The "salient question is whether the state of the law at the time of the incident gave the officer fair

warning that [her] conduct was unlawful." *Id.* (quotations omitted and alteration adopted).[2]

Hilmo's § 1983 claim is based on malicious prosecution, which is "shorthand for a claim of deprivation of liberty pursuant to legal process." *Luke v. Gulley*, 975 F.3d 1140, 1143 (11th Cir. 2020) (quotation omitted). Under this Circuit's simplified malicious prosecution standard, Hilmo "must prove (1) that the defendant violated his Fourth Amendment right to be free from seizures pursuant to legal process and (2) that the criminal proceedings against him terminated in his favor." *Id.* at 1144. The first element requires Hilmo to establish "that the legal process justifying his seizure was constitutionally infirm and that his seizure would not otherwise be justified without legal process." *Id.* (quotations omitted).

Hilmo can prove that the arrest warrant was constitutionally infirm if he establishes either that Jackson "should have known that [the] application failed to establish probable cause" or that she "intentionally or recklessly made misstatements or omissions

---

[2] Generally, there are three methods to establish that the law was clearly established: "(1) by pointing to a materially similar decision of the Supreme Court, of this Court, or of the supreme court of the state in which the case arose; (2) by establishing that a broader, clearly established principle should control the novel facts of the case; or (3) by convincing us that the case is one of those rare ones that fits within the exception of conduct which so obviously violates the constitution that prior case law is unnecessary." *Powell*, 25 F.4th at 920 (quotations omitted and alteration adopted). Hilmo's brief does not explain under which method the law is clearly established.

necessary to support the warrant." *Williams v. Aguirre*, 965 F.3d 1147, 1165 (11th Cir. 2020). Because the warrant application on its face establishes probable cause—even if falsely—Hilmo's claim falls into the latter category, which are known as *Franks* violations. *See Franks v. Delaware*, 438 U.S. 154, 171 (1978). *Franks* violations are "explicitly limited" to "cases of perjurious or recklessly false statements" and "does not apply to *negligent* misrepresentations." *Kelly v. Curtis*, 21 F.3d 1544, 1554 (11th Cir. 1994).

Hilmo has not presented evidence that Jackson intentionally misrepresented his probation status. Jackson had only been assigned to Hilmo's case for a week and had never met or spoken with him. She has consistently testified that she did not review the underlying sentencing documents and opted instead to rely only on the date listed in the Department's computer system, which she claims she had reason to trust. To the extent that she contemporaneously implied that she did verify the probation end date, she has testified that she was referring to her review of the date listed in the computer system and the case notes, not the underlying sentencing documents. Hilmo has not presented evidence contradicting this testimony sufficient to create a genuine issue of material fact. Moreover, Jackson testified that this was her consistent practice.

With no intentional misrepresentation, Hilmo needs to show that Jackson acted recklessly rather than negligently to succeed. But on that front, Jackson is entitled to qualified immunity. Almost three decades ago, we noted that "the

22-13015                    Opinion of the Court                    9

difference between 'reckless' and merely 'negligent' disregard for the truth is not crystal clear" because "we have not staked out a bright line" rule. *Id.* That remains true today. Hilmo does not point to a subsequent decision of this Court or the Supreme Court that clearly establishes that the sort of conduct involved here is recklessness rather than negligence. Nor is this a case of obvious clarity. If anything, our subsequent case law cuts against a finding of recklessness here. *See Washington*, 939 F.3d at 1246–1249. Therefore, a reasonable probation officer might not have known that she was acting recklessly, rather than negligently, by not verifying Hilmo's probation end date under these circumstances. *See Kelly*, 21 F.3d at 1554. Jackson is thus entitled to qualified immunity.[3]

★    ★    ★

The district court's order granting summary judgment for Jackson is **AFFIRMED**.

---

[3] We do not address the district court's alternative holding that a probation revocation proceeding is not a criminal proceeding for the purposes of a malicious prosecution claim.